## BOOTH v. DENIKE.

(Circuit Court, W. D. Texas, San Antonio Division. November 29, 1894.)

1. GARNISHMENT—AFFIDAVIT.

Under 1 Sayles' Tex. Civ. St. art. 183, cl. 3, authorizing garnishment where a judgment creditor makes affidavit that defendant has not property in his possession within the state, subject to execution, sufficient to satisfy the judgment, an affidavit that he has not sufficient property within a certain district of the state is insufficient.

2. SAME—AMENDMENT—STATE AND FEDERAL PRACTICE.

Though, under the decisions of the Texas state courts, an affidavit for garnishment is not amendable, Rev. St. § 914, providing that the practice, pleadings, and forms and modes of proceeding in the circuit and district courts shall conform as near as may be to those existing in the courts of the state within which the circuit or district courts are held, does not require a federal court to follow such decisions, it being permitted to

make the amendment by section 948, authorizing it to allow an amendment of any process where the defect has not prejudiced and the amendment will not injure the party against whom the process issues, and by section 954, authorizing it at any time to permit either party to amend any defect in the process or pleadings on such conditions as it shall, in its discretion, prescribe.

Garnishment proceedings by C. D. Booth against Ed. Denike. For a defect in the affidavit for garnishment, J. L. S. Hunt, one of the original defendants, moves to quash the affidavit. Plaintiff moves to amend it.

H. P. Drought and Redford Sharpe, for plaintiff.
Thos. H. Franklin and C. L. Bass, for defendant Hunt.

MAXEY, District Judge. In a suit instituted in this court by C. D. Booth as plaintiff against the firm of Hunt & Booth, composed of J. L. S. Hunt and W. H. Booth, as defendants, judgment was rendered in favor of the plaintiff, May 19, A. D. 1894, against the defendants, Hunt & Booth, for the sum of $5,474.08, with interest thereon. On the 26th of June following, the plaintiff, by his attorney, filed a sworn application for a writ of garnishment to be served upon the said Ed Denike. The affidavit, after reciting the existence of the indebtedness as evidenced by the judgment, proceeds as follows:

"That the said J. L. S. Hunt and W. H. Booth, as the firm of Hunt & Booth and individually, have not, within the knowledge of affiant, property within the Western district of Texas subject to execution, sufficient to satisfy said judgment."

The parties having duly appeared, the attorney of J. L. S. Hunt, one of the defendants in the original suit, moved the court to quash the affidavit for garnishment on the ground of its failure to state that the defendants in the original suit, Hunt & Booth. have not, within the knowledge of the affiant, property in their possession in the state of Texas, subject to execution, sufficient to satisfy the judgment rendered in favor of C. D. Booth.

Under the laws of Texas, writs of garnishment are authorized to be issued in the following cases:

(3) "Where the plaintiff has a judgment and makes affidavit that the defendant has not, within his knowledge, property in his possession within this state, subject to execution, sufficient to satisfy such judgment." 1 Sayles' Tex. Civ. St. art. 183, cl. 3.

It is not necessary to consider other provisions of the statute in connection with this motion. Garnishment proceedings are strictly construed by the courts of this state, and for material defects appearing in the affidavit the proceeding will be set aside. Touching the rule of construction applied by the supreme court of Texas to proceedings of this character, it is said by Mr. Justice Bell, in Willis v. Lyman, 22 Tex. 270:

"There can be no good reason why the same strictness should not be required in respect to garnishments as in other cases of attachment, for gar-

nishments are but a species of attachment. The writ of garnishment brings into court strangers to the judgment or to the original suit, as the case may be, and subjects them to much inconvenience and hazard. It often happens—or, to say the least, it sometimes happens—that garnishees are obliged to pay twice, because the court is not informed of all the facts in the particular case. For these reasons, proceedings against garnishees ought not to be sustained unless there is strict conformity with the requirements of the law."

In the case of Scurlock v. Railway Co., 77 Tex. 481, 14 S. W. 148, the rule is stated in the following language:

"It has always been held that the statute authorizing the writ of garnishment must be strictly construed, and that a party attempting to avail himself of the remedy must strictly follow the law."

See, also, Jemison v. Scarborough, 56 Tex. 361.

The same rigid rule of construction is uniformly applied by the courts of this state to proceedings by attachment. Sydnor v. Chambers, Dall. Dig. 601; Sydnor v. Totham, 6 Tex. 189; Culbertson v. Cabeen, 29 Tex. 247. Tested by the rule of construction adopted by the supreme court of this state, the affidavit for garnishment made in behalf of the plaintiff, Booth, would seem to be defective. The affiant merely states that the defendants, Hunt & Booth, have not property within the Western district of Texas, subject to execution, sufficient to satisfy the judgment. It fails to state altogether that said defendants have not property within the state of Texas sufficient to satisfy the judgment. The writ can only properly issue, as has already been shown, upon filing the statutory affidavit; that is, an affidavit in strict compliance with the statute. In this case the affidavit fails to conform to the requirements of law in a material respect, and is therefore defective. The court is of the opinion that the motion to quash should be sustained.

The plaintiff, C. D. Booth, thereupon moved the court for leave to amend the affidavit so as to cure the defect indicated, and make the affidavit conform to the statutory requirement. Objection is made to this motion on the ground that under the laws of Texas, and the practice of its courts, an affidavit for garnishment is not amendable. That such is the accepted doctrine of the courts of this state clearly appears by reference to adjudged cases. "By an unbroken line of authorities from the days of the republic until the present time," says Mr. Justice Bonner, "an affidavit for attachment cannot be amended." Marx v. Abramson, 53 Tex. 265; Sydnor v. Chambers, supra. In view of the decisions of the supreme court of this state, it is evident that a court of the state would be without authority to permit an amendment to an affidavit in a proceeding of this character. But it does not follow that in all cases the rule applied by the local courts would be binding upon a federal court sitting within the state. This question was carefully considered by Mr. Justice Matthews in the case of Erstein v. Rothschild, which was tried in the state of Michigan. In that case the learned justice said:

"It is, then, the doctrine enforced by the courts of Michigan that a writ of attachment is void unless supported by an affidavit conforming in all

respects to the strict requirements of the statute, from which the conclusion is deduced that the affidavit itself, being the foundation of jurisdiction, cannot be the subject of amendment. But this is not the doctrine of the courts of the United States in the case of Matthews v. Densmore, 109 U. S. 216, 3 Sup. Ct. 126. The supreme court of the United States reversed the supreme court of the state of Michigan on this very point, and held that the jurisdiction of the court over the property taken by virtue of the writ of attachment did not at all depend upon the regularity or sufficiency of the affidavit; all questions of that character being questions merely of error in procedure. And the principle was then considered to have been fully established in Cooper v. Reynolds, 10 Wall. 308; and that such is the general rule, embracing the power of amendment, appears also from Tilton v. Cofield, 93 U. S. 163. In that case a statute of the territory of Colorado permitted amendments in attachment proceedings as was formerly done in Michigan. In addition the court said: 'Allowing amendments is incidental to the exercise of all judicial power, and is indispensable to the ends of justice. Usually to permit or refuse rests in the discretion of the court, and the result in either case is not assignable for error. * * * Where no local statute or rule of local law is involved, the power to amend is the same in attachment suits as in others. Cases of this kind, too numerous to be cited, may be found, in which amendments in the most important particulars were permitted to be made.' But it is argued there is a rule of local law administered by the courts of Michigan which, by adoption by the statutes of the United States, becomes also the law of this court. Section 914, (Rev. St.), is as follows: 'The practice, pleadings and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform as near as may be to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding.' The purpose of this provision, as was said in Nudd v. Burrows, 91 U. S. 426, 441, was to bring about uniformity in the law of procedure in the federal and state courts of the same locality, having reference to the Code enactments of many of the states; yet, as was said in Railroad Co. v. Horst, 93 U. S. 291, 300: 'The conformity is required to be as near as may be, not as near as may be possible, or as near as may be practicable. This indefiniteness may have been suggested by a purpose. It devolved upon the judges to be affected the duty of construing and deciding, and gave them the power to reject, as congress doubtless expected they would do, any subordinate provisions in such state statutes which, in their judgment, would unwisely incumber the administration of the law, or tend to defeat the ends of justice in their tribunals. While the act of congress is to a large extent mandatory, it is also to some extent only directory and advisory.' The act of congress at any rate does not require the adoption, with the local statutes, of the local interpretation which may have been put upon them, or which may from time to time be enforced. It must be held that the body of the local law thus adopted in the general must be construed in the courts of the United States in the light of their own system of jurisprudence, as defined by their own constitution as tribunals, and of other acts of congress on the same subject. It can hardly be supposed that it was the intent of this legislation to place the courts of the United States in each state, in reference to their own practice and procedure, upon the footing merely of subordinate state courts, required to look from time to time to the supreme court of the state for authoritative rules for their guidance in those details." 22 Fed. 63, 64.

Whenever the practice and procedure of the federal courts are regulated by United States laws, it cannot be doubted that such laws would prevail over the statutes of the state in which the courts are held. Local laws may apply in the absence of federal legislation, but when the laws of the United States furnish the guide, courts should be governed thereby. In such a case state legislation would

have no application to the courts of the United States. As pertinent to this subject, it is said by the supreme court in Southern Pac. Co. v. Denton, 146 U. S. 209, 13 Sup. Ct. 44, that:

"Whenever congress has legislated upon any matter of practice, and prescribed a definite rule for the government of its own courts, it is to that extent exclusive of the legislation of the state upon the same matter."

See, also, Railway Co. v. Pinkney, 149 U. S. 206, 13 Sup. Ct. 859.

In Ex parte Fisk, 113 U. S. 721, 5 Sup. Ct. 724, Mr. Justice Miller says:

"The case before us is eminently one of evidence and procedure. The object of the orders is to procure evidence to be used on the trial of the case, and this object is effected by a proceeding peculiar to the courts of New York, resting alone on a statute of that state. There can be no doubt that if the proceeding here authorized is in conflict with any law of the United States, it is of no force in the courts of the United States. We think it may be added further in the same direction, that if congress has legislated on this subject, and prescribed a definite rule for the government of its own courts, it is to that extent exclusive of any legislation of the states in the same matter."

See, also, Whitford v. Clark Co., 119 U. S. 525, 7 Sup. Ct. 306.

And it may be here noted that rule No. 1 of the rules of this court, adopted June 13, 1872, only adopts the modes of proceeding prescribed by the laws of Texas "when they do not conflict with a law of the United States, or a rule of the supreme court of the United States or of this court."

It only remains to inquire whether congress has legislated upon the subject of the amendment of process and pleadings in the courts of the United States. In the case of Erstein v. Rothschild, supra, the learned justice permitted the affidavit for attachment to be amended, and held that the power of amendment was conferred by section 948, Rev. St., which reads as follows:

"Any circuit or district court may at any time, in its discretion and upon such terms as it may deem just allow an amendment of any process returnable to or before it, where the defect has not prejudiced, and the amendment will not injure the party against whom such process issues."

In addition to that section, I think the power to amend affidavits for garnishment, attachment, and other proceedings in civil causes is clearly given by the last clause of section 954, Rev. St. It is therein provided that:

"No summons, writ, declaration, return, process, judgment, or other proceedings in civil causes, in any court of the United States, shall be abated, arrested, quashed or reversed for any defect or want of form; but such court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it, without regarding such defect, or want of form, except those which, in cases of demurrer, the party demurring specially sets down, together with his demurrer, as the cause thereof; and such court shall amend every such defect and want of form, other than those which the party demurring so expresses; and may at any time permit either of the parties to amend any defect in the process or pleadings, upon such conditions as it shall, in its discretion and by its rules, prescribe."

It seems clear that the last clause of section 954 expressly confers upon the courts the power to permit parties to amend any defects

in the process or pleadings in furtherance of justice. That such power includes also the authority to permit amendments in garnishment proceedings, appears equally evident, and I think it cannot be doubted that the legislation of congress is exclusive of the local laws on that subject. Further employing the language of Mr. Justice Matthews:

"It is not necessary to say that the power to permit amendments in such cases is to be exercised according to the sound discretion of the court to whom the application is addressed, as it is not open to observation that it will be authorized in any cases or circumstances except in those where right and justice require it."

The court is of the opinion that the amendment should be allowed, and it is so ordered.