ACME LUMBER CO. *v.* MODERN CONSTRUCTION CO.

1. MECHANIC'S LIENS—EVIDENCE—SWORN BILL—ANSWER NOT
SWORN TO.

Under 3 Comp. Laws 1915, § 14805, a sworn bill to en-
force a mechanic's lien is evidence of the matters therein
charged unless denied by answer under oath.

2. SAME—STATEMENT—PART OF BILL OPEN TO QUESTION.

Where a copy of the affidavit containing a statement of
the account and lien filed in the office of the register of
deeds was attached to plaintiff's sworn bill, it was in evi-
dence as a part of the bill, and the fact that defendant's
answer was not sworn to does not prevent her from
questioning the validity of said sworn statement.

3. SAME—LAW STRICTLY CONSTRUED—SUBSTANTIAL COMPLIANCE
SUFFICIENT.

While the provisions of the mechanic's lien law leading
up to the attaching of the lien must be complied with,
and the statute in that regard should be strictly con-
strued, such provisions should not be "strangled with
technicalities," or a forced or strained construction in-
dulged in order to defeat the lien.

4. SAME—STATEMENT OF LIEN—SUFFICIENCY.

An objection that the affidavit filed by the secretary of
plaintiff corporation is bad because not designating the
corporation as the one furnishing the material, it being
stated therein that "he" furnished the material, is un-
tenable, where, considering the affidavit from its four
corners, it cannot be doubted that its recitals show that
the materials were furnished by the company, and mani-
festly if "he" furnished any material he did so as secre-
tary of the company and as its agent and for its benefit,
and especially where said affidavit was literally following
the form prescribed in section 5 of the act (3 Comp. Laws
1915, § 14800).

5. SAME—CORPORATIONS—RECITALS—SUFFICIENCY.

Nor is said affidavit bad because it failed to recite that

plaintiff and the construction company are corporations, since by their incorporation corporations become possessed of their corporate names with the right to use same, and the recital that they are corporations is not imperatively necessary to the conduct of business.

6. SAME—DESCRIPTION OF PREMISES—SUFFICIENCY.
   Where the affidavit gave the names of the owner and the contractor, the county, the subdivision and the lot number on which the house was situated, the house in question being the only one built for defendant owner by said contractor, or, so far as shown, by any one, and being the only one she owned, so far as the record discloses, the description contained therein was sufficient.

7. SAME—OMISSION OF STATE.
   The failure to name the State in the body of the affidavit, where it appeared in the caption, was not such a defect as to render said affidavit a nullity.

8. SAME—SERVICE OF NOTICE—EVIDENCE—SUFFICIENCY.
   The conclusion of the trial judge that the notice required by 3 Comp. Laws 1915, § 14796, was properly served, *held*, justified by the evidence.

Appeal from Wayne; Driscoll (George O.), J., presiding. Submitted April 27, 1921. (Docket No. 63.) Decided June 6, 1921.

Bill by the Acme Lumber Company against the Modern Construction Company, Minnie McAuliff and the Wayne County & Home Savings Bank to enforce a mechanic's lien. From a decree for plaintiff, defendant McAuliff appeals. Affirmed.

*Edmund E. Shepherd,* for plaintiff.

*McIntyre & Robinson,* for appellant.

FELLOWS, J. Defendant Minnie McAuliff appeals from a decree granting the prayer of plaintiff's bill to foreclose a lien for material furnished in the erection of a two-family flat on premises owned by her. De-

fendant Modern Construction Company was the contractor and was regularly defaulted. Defendant Wayne County & Home Savings Bank holds a mortgage on the premises and has not appealed. The affidavit filed in the office of the register of deeds and served on defendant, about which the legal questions are raised, is as follows:

"Statement of Account and Lien.

"State of Michigan, ⎱ ss.
"County of Wayne, ⎰

"Gustav F. Scheurman, secretary of Acme Lumber Company, being duly sworn, says that he furnished certain materials, in and for the erection of a certain two-family dwelling, situated on the land hereinafter described, in pursuance of a certain contract with the Modern Construction Company, the contractors. That the furnishing of such material was begun on the 14th day of September, A. D. 1911, and that the last of such material was furnished on the 5th day of October, A. D. 1917, and that there is justly and truly due to the Acme Lumber Company, therefor from the said Modern Construction Company over and above all legal set-offs, the sum of six hundred and thirty-nine and 04/100 dollars, for which amount Acme Lumber Company claims a lien on said land and building of which Minnie McAuliff is the owner of record, which premises are described as follows: Lot 132, McGregor subdivision of lots 3, 4, 5, 12 and part of lots 2, 6, 11 quarter section 54, 10,000 acre tract as recorded in liber 30, page 39, of plats, Wayne county records.

"GUSTAV F. SCHEURMAN,

"Subscribed and sworn to before me, this 30th day of November, A. D. 1917.

"FRED T. SCHEURMAN,
"Notary Public,
"Wayne Co., Michigan.
"My commission expires January 8, 1921."

Counsel for plaintiff is correct in his contention that the statute makes sworn bills to enforce the lien evidence of the matters therein charged "unless denied by answer under oath" which was not done in the instant

case, 3 Comp. Laws 1915, § 14805; *Knowlton* v. *Gibbons*, 210 Mich. 547. But to the sworn bill filed in this case plaintiff's counsel attached and made a part thereof a copy of the above affidavit. Under these circumstances with a copy of the affidavit set out and made a part of the bill, it was in evidence and the fact that defendant's answer was not sworn to does not preclude her from questioning the validity of the sworn statement which was in evidence as a part of the bill. We shall, therefore, proceed to examine the objections made by her counsel to it. In such consideration we shall be guided by the rule that the proceedings are statutory, that the essential requirements of the statute leading up to the attaching of the lien must be complied with and the provisions of the statute in that regard must be strictly construed. *Smalley* v. *Terra-Cotta Co.*, 113 Mich. 141. But this does not mean that such provisions shall be "strangled by technicalities," or that a forced or a strained construction should be indulged in order to defeat the lien.

The affidavit literally follows the form prescribed in section 5 of the act (3 Comp. Laws 1915, § 14800), including the word "he" found in the first line thereof. The material here furnished was furnished by the plaintiff, the corporation, and it is insisted by defendant's counsel that by the use of the word "he" instead of the word "it" or otherwise designating the corporation as the one furnishing the material, the affidavit is bad. But the affidavit must be considered from its four corners. All of it must be taken into consideration. When so considered it can not be doubted that its recitals show that the materials were furnished by the company, that the amount of $639.04 was due to the company over and above all legal set-offs for materials furnished by it, and that it was claiming a lien for that amount

for materials so furnished by it.  Mr. Scheurman recites in the affidavit that he is secretary of the company.  Manifestly if "he" furnished any material he did so as secretary of the company, and as its agent and for its benefit.  We are not persuaded that even applying the strict rules of construction to this section we should say that an affidavit is bad which literally follows the wording of the statutory form when other words would be more appropriate where the affidavit as a whole shows that the essential requirements of the statute have been complied with.  This objection is untenable.

Nor do we think there is any force in the contention that the affidavit is defective because it does not recite that the Acme Lumber Company and the Modern Construction Company are corporations: *Kleinert* v. *Knoop,* 147 Mich. 387.  There is no claim that they are not corporations and upon their incorporation they became possessed of this corporate name, could sue and be sued in such name and could transact business in such name.  While a recital that a party is a corporation organized under the laws of the State is not infrequent, the use of the corporate name goes to the corporation as one of its rights and such recital is not imperatively necessary to the conduct of its business.

The case of *Lacy* v. *Piatt Power & Heat Co.,* 157 Mich. 544, is not in point.  There in the statement of lien the name of the contractor was given as the Hydro-Electric Development Company.  As a matter of fact one Frank McKean was the contractor.  This court held that the notice to the owners served no purpose because it conveyed no information to them that the complainant was furnishing material to any one with whom they had contract relations.  There a wrong party was named as contractor.

The description of the premises was sufficient.  *Jossman* v. *Rice,* 121 Mich. 270; *Hannah & Lay Mercantile*

*Co.* v. *Hartzell,* 125 Mich. 177. The house was built for Mrs. McAuliff by the construction company and was the only one built for her by it and, so far as the record discloses, it was the only one built for her by any one, nor did she own any other property so far as the record discloses. The failure to name the State in the body of the affidavit although it appeared in the caption was not such a defect as to render the affidavit a nullity. Defendant's objections to the affidavit are too technical. They are overruled.

We now come to the remaining question which is one of fact. Plaintiff claims to have seasonably served the notice required by section 14796, 3 Comp. Laws 1915. Defendant denies this. To sustain its contention plaintiff produced a copy of the notice claimed, to have been served and the bookkeeper then in its employ who testified that she served it and identified the defendant Mrs. McAuliff in court as the person upon whom she made service. The ledger of plaintiff showing notation of service of the notice appearing on the page where this account was kept was also produced. Plaintiff's secretary also testified to a conversation with defendant in which she admitted service of the notice. Defendant denied the service of the notice and denied the conversation. She claimed to have turned over to the bank all her papers relating to building the house when she gave the mortgage, and the mortgage clerk of the bank said no such paper was among the ones so received. The contractor gave the bank for Mrs. McAuliff an affidavit in which he swore that all material and labor had been paid for, but it would appear that he was also requested to furnish a release from plaintiff. He furnished what purported to be such release but there is no doubt but that it is a forgery. Upon this testimony the trial judge, who saw the witnesses, concluded that the notice was served and sustained the lien. We are satisfied that

he was right in his conclusion.   We do not intimate that defendant's testimony is wilfully false but the lapse of time has rendered her memory uncertain and we think she is mistaken.

It follows that the decree should be and it is affirmed. Plaintiff will recover costs of this court.

STEERE, C. J., and WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.   MOORE, J., did not sit.