DETROIT INDEPENDENT OIL CO. *v.* MILLER.

1. GARNISHMENT—PROCEEDINGS STATUTORY.
    Garnishment proceedings are statutory and the court must look to the, statute to determine their validity.[1]

2. SAME—CORPORATIONS—SUMMONS TO SHOW CAUSE.
    Where no judgment had been rendered in the principal suit on or before the return day of the garnishment summons on a corporation, the applicable provisions of 3 Comp. Laws 1915, § 14392, as to individual garnishees must be complied with, and, therefore, a summons to show cause, as provided for in section 14374, is a prerequisite to a valid judgment against the garnishee.[2]

[1]Garnishment, 28 C. J. § 232; [2]Justices of Peace, 35 C. J. § 215 (Anno).

3. COSTS—COSTS DENIED WHERE LITIGATION MIGHT HAVE BEEN
   AVOIDED.

   Where a garnishee corporation filed a bill to set aside a
   judgment against it, and it could easily have avoided the
   necessity of the present litigation by filing its disclosure in
   justice's court, which it failed to do, costs of the circuit
   and Supreme courts will be denied it, although the decree
   against it must be reversed and judgment set aside be-
   cause it was not served with summons to show cause, as
   required by 3 Comp. Laws 1915, § 14374.[3]

Appeal from Wayne; Gilbert (Parm C.), J., presid-
ing.   Submitted April 14, 1926.   (Docket No. 96.)
Decided June 7, 1926.

Bill by the Detroit Independent Oil Company against
Mary Miller and another to restrain the service of an
execution and to vacate a judgment in garnishment
proceedings.   From a decree dismissing the bill,
plaintiff appeals.   Reversed, and decree entered for
plaintiff.

*Routier, Nichols & Fildew,* for plaintiff.

*Charles L. Mann,* for defendants.

FELLOWS, J.   On February 14, 1924, defendant
Mary Miller brought suit in justice's court in the city
of Detroit against one Wesley Davey, and on the same
day instituted garnishment proceedings against the
present plaintiff, the summons in each proceeding
being returnable February 21st.   Service was not
obtained on the principal defendant, but was later had
on an *alias* summons returnable March 13th, and the
principal case was adjourned until March 21st, when
judgment for plaintiff was rendered for $462.37 and
$1.75 costs.   The garnishment summons was duly
served on the present plaintiff but it failed to appear
or to file disclosure.   March 27th, judgment was

[3]Costs, 15 C. J. §§ 31, 635.

rendered against the present plaintiff for $464.12 and $1.25 costs, without the service of a summons to show cause or other process than the original garnishment summons.   Execution was issued and placed in the hands of defendant James McDonald for service. This bill is filed to restrain the service of the execution and to vacate the judgment.   A proper bond was given.   From a decree dismissing the bill, plaintiff appeals.

Plaintiff's case must rest on its claim that no valid judgment has been rendered against it, that the purported judgment is a nullity.   Section 14392, 3 Comp. Laws 1915, is as follows:

"If said corporation shall not so appear or so answer, if a judgment shall have been obtained against said principal defendant, and the time for taking an appeal therefrom shall have expired, and if no appeal shall have been taken, such corporation shall be held to be indebted to the defendant in the original suit to the amount of the judgment against the principal defendant, unless within three days after the return day of such summons, such corporation shall appear and show a sufficient reason to the satisfaction of the justice for having failed to answer such summons, and the justice shall thereupon on the third secular day render judgment against such corporation as against other garnishees, for the amount of such debt and with like effect; but on such cause being shown, such officer may make disclosure and be examined as other garnishees and proceedings thereafter shall be the same as though answer had been made within the time limited therefor.   If judgment shall not have been rendered against the principal defendant, or if judgment shall have been rendered and the time for appeal shall not have expired, said garnishment case shall stand adjourned until the determination of the principal suit, and the proceedings thereafter shall be the same as in cases against individuals."

The proceedings in garnishment are statutory and to the statute we must look to determine their validity.

235—Mich.—13.

Whatever the reason may be, the legislature has seen fit to differentiate between cases where judgment has been obtained in the principal suit, and has become a finality, and cases where the judgment has not been rendered or has not become a finality.    In the one case the justice may render judgment against the corporation garnishee defendant which has failed to make disclosure the third secular day after the return day unless the corporation shows cause; in the other case the proceedings "shall be the same as in cases against individuals."

No judgment had been rendered in the principal suit on or before the return day of the garnishment summons, hence the provisions of the statute as to individual garnishee defendants, or at least such as are applicable, must be followed.    We need not determine whether officers of the corporation may be brought in upon a warrant under section 14366, 3 Comp. Laws 1915, or for contempt in disobeying the command of the summons, as we are satisfied that the summons to show cause provided for in section 14374 is prerequisite to a valid judgment.    In *Iron Cliffs Co.* v. *Lahais*, 52 Mich. 394, it was said:

> *   *   *   "After judgment has been obtained against the principal defendant the garnishee is still entitled to his day in court to show cause, if he can, why judgment should not be rendered against him, and if he does not voluntarily appear and permit judgment to be taken against him, he must be brought in by summons from the justice.    How. Stat. § 8038.
>
> "The record in this case shows that judgment was rendered against the plaintiff without its ever having been summoned to show cause against such proceedings and without any consent from it or its attorney. There is no warrant in the law for such action by the court."

This litigation has run its course through three courts.    The present case both in the circuit court and here could have been avoided had plaintiff filed

its disclosure as the law requires.   The record discloses that it was called up repeatedly by counsel for plaintiff in justice's court and asked to file its disclosure and that its officers promised so to do; that it was notified by letter of the consequence which might follow its continued dereliction of duty.   Its conduct has been such as to prompt us in our discretion to deny it costs of either court.

The decree will be reversed and one here entered in accordance with this opinion. .

Bird, C. J., and Sharpe, Snow, Steere, Wiest, Clark, and McDonald, JJ., concurred.