PHILLIPS *v.* BELT AUTOMOBILE INDEMNITY ASSOCIATION OF ILLINOIS.

1. GARNISHMENT — AFFIDAVITS — PLEADING—AMENDMENTS—JURISDICTION.
   Although, in garnishment proceedings against a corporation, proper pleading requires that there should be a recital that such party is a corporation, yet, if the affidavit, process, or pleading omits such recital, it is amendable and the court is not thereby deprived of jurisdiction.

[1]Garnishment, 28 C. J. §§ 270, 276.

2. SAME—AFFIDAVITS—SUFFICIENCY—JURISDICTION.

> Where, in an affidavit in garnishment proceedings, the name of the garnishee defendant imports a corporation or an association, the court acquires jurisdiction even though the fact that it is a corporation or an association is not affirmatively stated. *Weber* v. *Wayne Circuit Judge*, 217 Mich. 561, overruled in part.

Error to Wayne; Gilbert (Parm C.), J., presiding. Submitted June 23, 1927.   (Docket No. 80.)   Decided January 3, 1928.

Separate actions of assumpsit by Walter Phillips and Carl Gall against the Belt Automobile Indemnity Association of Illinois, as assignees of a judgment. Defendant, waiving the plea of the general issue, gave notices of special defense that, prior to the assignments to plaintiffs of the judgment, it had been summoned as garnishee defendant of plaintiffs' assignor and that judgment had been entered against defendant in favor of plaintiff in the garnishment proceedings, and that said judgment was a bar to these actions.   Plaintiffs claim that the garnishment proceedings were invalid. The cases were consolidated and tried as one.   Judgment for defendant.   Plaintiffs bring error.   Affirmed.

*William Cohen* (*William Henry Gallagher*, of counsel), for appellants.

*James T. Bergen* (*Arthur J. Adams*, of counsel), for appellee.

FELLOWS, J.   It must be conceded, I think, that the holdings of this court are not consistent upon the question now before us.   In *Acme Lumber Co.* v. *Construction Co.*, 214 Mich. 357, the affidavit for lien did not contain the recital that the companies were corporations.   Answering the contention that it was

---

²Garnishment, 28 C. J. § 270.

fatally defective for this reason, it was said by this court:

"Nor do we think there is any force in the contention that the affidavit is defective because it does not recite that the Acme Lumber Company and the Modern Construction Company are corporations. *Kleinert* v. *Knoop*, 147 Mich. 387. There is no claim that they are not corporations and upon their incorporation they became possessed of this corporate name, could sue and be sued in such name and could transact business in such name. While a recital that a party is a corporation organized under the laws of the State is not infrequent, the use of the corporate name goes to the corporation as one of its rights and such recital is not imperatively necessary to the conduct of its business."

In *Weber* v. *Wayne Circuit Judge,* 217 Mich. 561, it was held that no jurisdiction was acquired where the bare name of the corporation was stated in the affidavit and process, and that it was necessary to state that it was a corporation in order to confer jurisdiction. I think it should be noted that in that case the word "company" or its equivalent was not a part of the corporate name. The language of the opinion in *First Nat. Bank of Hanford* v. *Morganthaler,* 219 Mich. 300, quite materially modifies the holding in the *Weber Case,* and it was pointed out by Mr. Justice Bird that *Ettelsohn* v. *Insurance Co.,* 64 Mich. 331, upon which the *Weber Case* was largely based, was decided before foreign corporations were answerable in garnishment proceedings and that it was quite likely that this furnished a reason for the holding in the *Ettelsohn Case.* It should also be noted that but one Justice concurred in all that was said by Mr. Justice Sherwood in the *Ettelsohn Case.*

Unquestionably proper pleading requires that there should be a recital that the party is a corporation. But if the affidavit, process, or pleading omits such recital it is in my judgment amendable. In *People* v. *Meyer,* 204 Mich. 331, the information alleged that Herpol-

sheimer Company whose property was stolen was a corporation.   This court sustained the right to amend by alleging that the company was a partnership.   I am persuaded that the rigor of the holding in the *Weber Case* should be relaxed and it should be held that where the name of the party imports a corporation or an association, the court acquires jurisdiction even though the fact that it is a corporation or association is not affirmatively stated.

The judgment is affirmed.

WIEST, CLARK, MCDONALD, BIRD, and SHARPE, JJ., concurred.

The late Justice SNOW and Justice STEERE took no part in this decision.