KRAKOWSKY *v.* MARGOLIS.

1. GARNISHMENT—STATUTES.
   Garnishment statute must be followed strictly.

2. SAME—MISSTATEMENT—AFFIDAVIT.
   Affidavit for garnishment stating that judgment was against person other than one named therein rendered garnishment void.

3. SAME—MISSTATEMENT PURPOSELY MADE FATAL.

 While mere clerical error in writ of garnishment may be corrected by amendment, or treated as surplusage, misstatement purposely made is fatal.

4. SAME—APPEARANCE—IRREGULARITY—WAIVER.

 Claimant to fund in garnishment proceeding without knowledge of irregularity in writ, and without intention to waive same, did not waive it by entering general appearance.

5. ESTOPPEL—WAIVER—INTENTION.

 Waiver is mainly question of intention, and exists where one has actual or constructive knowledge of fact.

Error to Wayne; Carr (Leland W.), J., presiding. Submitted April 21, 1931. (Docket No. 17, Calendar No. 35,490.) Decided June 1, 1931.

Garnishment proceedings (after judgment) by Sam Krakowsky against Harry Margolis, principal defendant, and Peoples Wayne County Bank, garnishee defendant. Martin A. Brennan, receiver of principal defendant, Charles Margolis, and Sadie Margolis intervened as claimants of the fund. Writ of garnishment dismissed. Plaintiff and receiver bring error. Affirmed.

*Shapero & Shapero,* for plaintiff appellant.

*Nelson S. Shapero,* for receiver appellant.

*Chawke & Sloan* and *Walter E. Kelly,* for appellees.

CLARK, J. Plaintiff had a domestic judgment against Harry Margolis, defendant, and sued out garnishment to Peoples Wayne County Bank. The writ was served and disclosure made, showing indebtedness to Sadie Margolis. Charles Margolis and Martin A. Brennan, receiver, were permitted

to intervene as claimants. An order was made that Sadie Margolis interplead as a claimant. She and the receiver are claimants here. The affidavit for the writ of garnishment is that the judgment is against "Harry Margolis, *alias* Bessie Margolis, *alias* Sadie Margolis." This was not true; the judgment was against Harry Margolis as stated, which fact appearing upon the introduction of the judgment at the hearing of the statutory issue, motion was at once made to dismiss the garnishment and it was dismissed. Plaintiff and the receiver have appealed.

A mere clerical error might be corrected by amendment (*Union National Bank* v. *Muskegon Circuit Judge,* 117 Mich. 678), and, in some cases, it is proper to disregard words or recitals as surplusage, but this is not a case calling for such treatment. The misstatement is not clerical error, not mere surplusage. It was made purposely. Plaintiff had the belief that principal defendant had funds deposited in the name or names of others of his family. The *aliases* were for the purpose of making the garnishment on the judgment a dragnet to bring in deposits of the judgment debtor and deposits in the names of the members of his family. The general rule is that the garnishment statute must be followed strictly. 1 Stevens' Michigan Practice, p. 138; *Weber* v. *Wayne Circuit Judge,* 217 Mich. 561. And this case calls for such construction. There was no such judgment as that described in the affidavit. The garnishment is void.

Sadie Margolis was, on motion, ordered by the court to interplead. Accordingly, and by counsel, she entered general appearance and claimed the fund. Appellants contend she thereby waived right to object to the irregularity. The record is that she

did not know of it. The garnishment proceeding was regular on its face. The infirmity appeared when the judgment was offered in evidence by plaintiff to sustain his affidavit in garnishment, the declaration in the statutory issue. Motion to dismiss followed immediately. Cases cited of waiver of defect apparent on the face of the affidavit in garnishment are not in point. Waiver is mainly a question of intention, and exists where one has actual or constructive knowledge of the fact. Appellee, without knowledge in fact or law, at the time of her general appearance, of the irregularity, and without intention as to waiver, will not be held to have waived.

Affirmed.

BUTZEL, C. J., and WIEST, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.