CHAPMAN *v.* DETROIT METROPOLITAN CORP.

HOFFMAN *v.* SAME.

LUCAS *v.* SAME.

1. GARNISHMENT—STRICT CONSTRUCTION OF STATUTES.
   Garnishment statutes being in derogation of the common law must be strictly construed and exactly followed.

2. SAME—AFFIDAVIT—SUFFICIENCY OF AVERMENT AS TO AMOUNT.
   Averment in affidavit for writ of garnishment that indebtedness was *not exceeding* stated amount *held,* insufficient to comply with statute requiring averment that principal defendant is indebted to plaintiff ''in a given amount'' (3 Comp. Laws 1929, § 14857).

3. SAME—AFFIDAVIT—JURISDICTION.

  Affidavit for writ of garnishment which does not state the exact
    amount principal defendant was indebted to plaintiff *held*, not
    to give court jurisdiction to issue writ (3 Comp. Laws 1929,
    § 14857).

Appeal from Wayne; Campbell (Allan), J. Submitted June 26, 1934. (Calendar Nos. 37,934, 37,935, 37,936.) Decided September 18, 1934.

Separate garnishment proceedings by Goldie K. Chapman, Mary L. Hoffman and Thelma Lucas against Detroit Metropolitan Corporation, a Michigan corporation, principal defendant, and Union Guardian Trust Company, garnishee defendant. Cases consolidated. From denial of motion to dismiss, Ned W. Andrus, receiver of principal defendant, prosecutes appeal in the nature of certiorari. Reversed, and writs dismissed.

*Dohany & Hersch* (*Alvin D. Hersch,* of counsel), for plaintiffs.

*Warren, Hill, Hamblen, Essery & Lewis* (*Thomas H. Adams,* of counsel), for principal defendant.

WIEST, J. The principal defendant in three garnishment suits moved the circuit court to dismiss the writs for noncompliance with a statutory requirement and, upon denial of the motion, reviews by appeal in the nature of certiorari.

Affidavits for the writs averred that the principal defendant was indebted to plaintiffs in sums *not exceeding* stated amounts. The statute, 3 Comp. Laws 1929, § 14857, requires the affidavit for writ of garnishment to state that the principal defendant is indebted to plaintiff "in a given amount."

The point is made that the affidavits did not state given amounts. Subsequent provisions of the statute (3 Comp. Laws 1929, § 14900) provide for release of the writ upon giving a bond by the principal defendant "in a penal sum equal to double the amount of the claim of the plaintiff, as sworn to in the affidavit filed for the writ of garnishment."

The statute being in derogation of the common law, must be strictly construed and, as it outlines the averments required in order to warrant issuance of the writ, its requirements must be exactly followed. It may be that the averments of indebtedness, as not exceeding a stated amount, did not, in the instances at bar, exceed possible future judgments, inclusive of accruing interest and costs, but, if the practice is sanctioned in this instance, it will stand as an amendment to the statute and permit uncertainty in place of the certainty required by the statute.

It was said in *United Collieries, Inc., v. Martin,* 248 Ky. 808 (60 S. W. [2d] 125, 89 A. L. R. 971):

"The proceeding in garnishment is special and statutory, affording a harsh remedy, and one pursuing it must bring himself within the statute and follow its mandates. The steps are outlined for vesting the court with jurisdiction over the person of the garnishee and the property in his hands belonging to the principal defendant. It is generally held that these provisions are jurisdictional and unless they have been strictly complied with the court has no authority to proceed;" citing, among other authority, *Peoples Wayne County Bank v. Stott,* 246 Mich. 540 (64 A. L. R. 427).

It is manifest that the affidavits did not state given amounts but only much or little within stated sums. It is no hardship to require a plaintiff to

state the amount of his claim and thereby afford employment of the statutory method of release from the writ.

The affidavit is the foundation upon which arises jurisdiction to issue the writ of garnishment, and the statute requires that the exact amount claimed be given. Given amounts were not stated in the affidavits for the writs and the court acquired no jurisdiction.

The writs are dismissed, with costs to the principal defendant.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.