**MET–WOOD PRODUCTS CORPORATION v. SPARKS–WITHINGTON CO.**
**Civil Action No. 6766.**

District Court, E. D. Michigan, S. D.
Dec. 9, 1947.

Dickinson, Wright, Davis, McKean & Cudlip, of Detroit, Mich., and Theodore Voorhees and Barnes, Dechert, Price, Smith & Clark, of Philadelphia, Pa., for plaintiff.

Bisbee, McKone, Badgley & McInally, of Jackson, Mich., and Harry S. Toy, of Detroit, Mich., for defendant.

LEVIN, District Judge.

The defendant moves for an order quashing the writ of garnishment on two grounds:

The first is that there was no ground for the affiant stating in the prescribed affidavit for the writ of garnishment that he had just apprehension of loss in the absence of a writ of garnishment, and that the proceedings were, therefore, unwarranted and an abuse of the process of the Court. The second is that the affidavit for the writ of garnishment is fatally defective. It is necessary only to deal with the second ground.

The garnishment procedure in this case is governed by the statutes of the State of Michigan and applicable to proceedings in this Court under Rule 64 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Section 14857 of the Compiled Laws of Michigan 1929 provides that a writ of garnishment shall be issued in the manner therein set out if the requisite affidavit is filed by "the plaintiff, his agent or attorney." The pertinent parts of the challenged affidavit are as follows: "Alfred R. Hunter of Philadelphia, Pennsylvania, deposes and says that he is Treasurer of Met-Wood Products Corporation, a Pennsylvania corporation, the plaintiff in the above case * * *." No further language appears in the affidavit bearing upon the qualification or capacity of the affiant to execute the affidavit.

The right of the court to issue the writ upon an ex parte application constituting immediate and summary relief would seem to be conditioned upon the asserted qualification or capacity of the affiant to make the statutory statements under oath.

The Supreme Court of Michigan has declared the law to be as follows:

"The statute, being in derogation of the common law, must be strictly construed and, as it outlines the averments required in order to warrant issuance of the writ, its requirements must be exactly followed." Chapman v. Detroit Metropolitan Corporation, 268 Mich. 391, 393, 256 N.W. 459, 460.

The question for determination is whether the omission from the affidavit of a statement of the precise form of qualification or capacity renders the writ of garnishment invalid.

The fact that an affiant is described as treasurer does not as a matter of law, without further averment, establish that he is either the agent or attorney of the plaintiff for the purpose of making the statements prescribed by the statute as a condition of the issuance of the writ. A conclusion that he is such an agent or attorney by reason of being treasurer of a corporation is not justified by anything in the law of Michigan.

In Michigan, garnishment is regarded as an "anomalous and harsh statutory remedy." The affidavit for the writ

"is the jurisdictional foundation of the action" and if it "does not fulfill the statutory requirements, no jurisdiction is acquired by the court, and the proceeding is void." Weber v. Wayne Circuit Judge, 217 Mich. 561, 565, 187 N.W. 528, 529. It was held in that case that if the affidavit "is made by other than the plaintiff, it must show upon its face that it is by some person authorized to act in his behalf." There is no such showing in this case. Also see Taylor v. Sutherlin-Meade Tobacco Company, 107 Va. 787, 60 S.E. 132, 134, 14 L. R.A.,N.S., 1135; North Penn. Iron Co. v. Boyce, 71 N.J.L. 434, 58 A. 1094 and In re Gold, 3 Cir., 93 F.2d 676.

An order quashing the writ of garnishment has been entered.