ROBERT W. IRWIN CO. v. STERLING,
Inc. et al.

Civ. A. 2192.

United States District Court
W. D. Michigan, S. D.

April 29, 1953.

ment against certain named garnishee. defendants. Comp.Laws Mich.1948, § 628.1. Writs of garnishment were issued and served, and certain of the garnishees have disclosed substantial indebtedness to the plaintiff. It has been held that under the above statute as originally enacted, defendants as well as plaintiffs may invoke garnishment proceedings. Esler v. Kent Circuit Judge, 108 Mich. 543, 66 N.W. 485. See also Rule 64, Federal Rules of Civil Procedure, 28 U.S.C.A.

Each of the defendants has filed answer denying the plaintiff's charges of conspiracy to defraud and its right to recover. The plaintiff has filed answers to defendants' counterclaims denying their charges of breach of contract and their right to recover.

On February 26th the plaintiff filed a motion to quash the writs of garnishment and to dismiss all proceedings taken in pursuance of said writs, on the ground that in each case the affiadvit in garnishment was defective in that it described the affiant as an officer of the defendant corporation but did not state that the affiant was either an *attorney or agent* of the corporation, as provided by Comp.Laws Mich.1948, § 628.1, which reads in part:

> "In all personal actions arising upon contract brought in the several courts * * *, if the plaintiff, his *agent or attorney*, shall file with the clerk * * * an affidavit stating that he has good reason to believe, and does believe, that any person (naming him) has property, money [etc.] * * * belonging to the defendant * * *, or that such person is indebted to the defendants, or any or either of the defendants, * * * a writ of garnishment shall be issued * * *."

In his affidavit the vice president of defendant Sterling, Inc., stated in part: "Benjamin J. Levinson of New York City, N. Y., being duly sworn, deposes and says that he is vice president of Sterling, Inc., a defendant in the above entitled cause." In his affidavit the treasurer of defendant Sun Glow Furniture Industries, Inc., stated in

---◆---

Varnum, Riddering, Wierengo & Christenson, and Laurent K. Varnum and Harvey C. Varnum, Grand Rapids, Mich., for plaintiff.

McCobb, Heaney & Dunn, and Edward C. McCobb, Robert C. C. Heaney, Arthur R. Snell and Richard F. Hooker, Grand Rapids, Mich., J. M. Goddard, New York City, for defendants.

STARR, District Judge.

On January 21, 1953, plaintiff began this suit against the defendants Sterling, Inc., a New York corporation, and Sun Glow Furniture Industries, Inc., an Ohio corporation, in the circuit court for Kent county, Michigan. In its declaration plaintiff charged the defendants, among other things, with conspiring to defraud it and ruin its business, and asked for damages for defendants' alleged tortious acts. On February 13th the defendants, on the ground of diversity of citizenship and pursuant to 28 U.S.C.A. § 1446(a), removed the case to this court. They then entered their general appearances, and each defendant filed a counterclaim against the plaintiff in which it asked damages for alleged breach of contract. At the same time defendant Sterling, Inc., filed the affidavit of its vice president and defendant Sun Glow Furniture Industries, Inc., filed the affidavit of its treasurer, as a basis for the issuance of writs of garnish-

part: "Wilfred L. Scheifley of New York City, N. Y., being duly sworn, deposes and says that he is treasurer of Sun Glow Furniture Industries, Inc., a defendant in the above entitled cause."

On March 6th defendant Sterling, Inc., filed a motion to amend the affidavit in garnishment made by its vice president to read in part as follows: "(Benjamin J. Levinson) being duly sworn, deposes and says that he is vice president, *and as such, the agent* of Sterling, Inc., a defendant in the above entitled cause." On the same date defendant Sun Glow Furniture Industries, Inc., filed a motion to amend the affidavit in garnishment made by its treasurer to read in part as follows: "(Wilfred L. Scheifley) being duly sworn, deposes and says that he is treasurer, *and as such, the agent* of Sun Glow Furniture Industries, Inc., a defendant in the above entitled cause."

Plaintiff's motion to quash the writs of garnishment and the defendants' motions to amend their respective affidavits in garnishment were heard together on arguments of counsel and briefs filed. The precise questions presented are: (1) were the original affidavits in garnishment, in each of which the affiant corporate officer did not state that he was either "agent or attorney" of the defendant corporation, fatally defective and insufficient compliance with the State statute to give the court jurisdiction and justify the issuance of the writs of garnishment? and (2) if the original affidavits were defective and insufficient compliance with the statute, are the defendants entitled to amend such affidavits so that they state that the affiant officers were the agents of their respective corporations?

The court will first consider plaintiff's motion to quash the writs of garnishment, which raises the question as to the sufficiency of defendants' affidavits. Rule 64 of the Federal Rules of Civil Procedure provides:

"At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought, subject to the following qualifications: (1) any existing statute of the United States governs to the extent to which it is applicable; (2) the action in which any of the foregoing remedies is used shall be commenced and prosecuted or, if removed from a state court, shall be prosecuted after removal, pursuant to these rules. The remedies thus available include arrest, attachment, garnishment, replevin, sequestration, and other corresponding or equivalent remedies, however designated and regardless of whether by state procedure the remedy is ancillary to an action or must be obtained by an independent action."

The precise question raised by the plaintiff's motion to quash was considered by the court in Met-Wood Products Corporation v. Sparks-Withington Co., D.C.E.D. Mich., 74 F.Supp. 979, 980. In that case the defendant moved to quash the writ of garnishment on the ground that the affidavit for the writ was fatally defective. The challenged affidavit provided in part: "Alfred R. Hunter of Philadelphia, Pennsylvania, deposes and says that he is Treasurer of Met-Wood Products Corporation, a Pennsylvania corporation, the plaintiff in the above case". No further language appeared in the affidavit bearing upon the qualification or capacity of the affiant officer to execute the affidavit. In granting the motion to quash the writ the court said:

"The garnishment procedure in this case is governed by the statutes of the State of Michigan and applicable to proceedings in this Court under Rule 64 of the Federal Rules of Civil Procedure * * *. Section 14857 of the Compiled Laws of Michigan 1929 provides that a writ of garnishment shall be issued in the manner therein set

out if the requisite affidavit is filed by 'the plaintiff, his agent or attorney.'

\* \* \*

"The right of the court to issue the writ upon an ex parte application constituting immediate and summary relief would seem to be conditioned upon the asserted qualification or capacity of the affiant to make the statutory statements under oath.

"The Supreme Court of Michigan has declared the law to be as follows:

" 'The statute, being in derogation of the common law, must be strictly construed and, as it outlines the averments required in order to warrant issuance of the writ, its requirements must be exactly followed.' Chapman v. Detroit Metropolitan Corporation, 268 Mich. 391, 393, 256 N.W. 459, 460.

"The question for determination is whether the omission from the affidavit of a statement of the precise form of qualification or capacity renders the writ of garnishment invalid.

"The fact that an affiant is described as treasurer does not as a matter of law, without further averment, establish that he is either the agent or attorney of the plaintiff for the purpose of making the statements prescribed by the statute as a condition of the issuance of the writ. A conclusion that he is such an agent or attorney by reason of being treasurer of a corporation is not justified by anything in the law of Michigan.

"In Michigan, garnishment is regarded as an 'anomalous and harsh statutory remedy.' The affidavit for the writ 'is the jurisdictional foundation of the action' and if it 'does not fulfill the statutory requirements, no jurisdiction is acquired by the court, and the proceeding is void.' Weber v. Wayne Circuit Judge, 217 Mich. 561, 565, 187 N.W. 528, 529. It was held in that case that if the affidavit 'is made by other than the plaintiff, it must show upon its face that it is by some person authorized to act in his behalf.' There is no such showing in this case. Also see Taylor v. Sutherlin-Meade Tobacco Company, 107 Va. 787, 60 S.E. 132, 134, 14 L.R.A.,N.S., 1135; North Penn. Iron Co. v. Boyce, 71 N.J.L. 434, 58 A. 1094 and In re Gold, 3 Cir., 93 F.2d 676."

In Cold Metal Process Co. v. McLouth Steel Corporation, 6 Cir., 126 F.2d 185, 187, 188, in considering the sufficiency of an affidavit in garnishment under the Michigan statute, the court said:

"It is settled law in the State of Michigan that garnishment proceedings must follow the statute strictly. Kennedy v. McLellan, 76 Mich. 598, 43 N.W. 641. Defects and irregularities in the institution of garnishment constitute grounds for a motion to vacate, quash or dissolve the garnishment. Shevin v. Venderbush Company, 280 Mich. 499, 273 N.W. 780. \* \* \*

"Garnishment proceedings depend solely upon the statute, the construction of which in the first instance is strict and the burden of a literal compliance with its terms is placed on those who invoke its use and no liability whatever is cast upon the garnishee except by the plain terms of the statute literally followed. Milwaukee Bridge & Iron Works v. Brevoort, 73 Mich. 155, 41 N.W. 215; Ford v. Detroit Dry Dock Company, 50 Mich. 358, 15 N.W. 509."

Garnishment proceedings are statutory, and the sufficiency of the defendants' affidavits in garnishment in the present case must be determined under the laws of Michigan. The affidavits are the jurisdictional basis for the issuance of the writs, and it has repeatedly been held that the garnishment statute must be strictly construed and the statutory requirements regarding the affidavit strictly complied with. In Carr v. National Discount Corporation, 320 Mich. 192, 194, 30 N.W.2d 832, 833, the court said:

"Proceeding in garnishment is special and statutory, affording a harsh remedy, and one pursuing it must bring himself within the statute and follow its mandates. W. H. Warner Coal Co. v. Nelson, 204 Mich. 317, 169 N.W. 852; Weber v. Wayne Circuit Judge, 217 Mich. 561, 187 N.W. 528; Detroit Independent Oil Company v. Miller, 235 Mich. 191, 209 N.W. 102; People's Wayne County Bank v. Stott, 246 Mich. 540, 224 N.W. 352, 64 A.L.R. 427."

In Weber v. Wayne Circuit Judge, 217 Mich. 561, 564, 565, 187 N.W. 528, 529, the court said:

"Garnishment being regarded as an anomalous and harsh statutory remedy, the rule of strict construction to protect the rights of the parties obtains in this state, and it is settled law that, if the affidavit, which is the jurisdictional foundation of the action, does not fulfill the statutory requirements, no jurisdiction is acquired by the court, and the proceeding is void. * * * If the affidavit is made by other than the plaintiff, it must show upon its face that it is by some person authorized to act in his behalf. 1 Stevens' [Mich.] Practice, §§ 83–85; 2 Abbott's Practice, p. 1379; Lyon v. Ballentine, 63 Mich. 97, 29 N.W. 837, 6 Am.St.Rep. 284; Ettelsohn v. Fireman's Fund Ins. Co., 64 Mich. 331, 31 N.W. 201; Carter v. Babcock, 206 Mich. 169, 172 N.W. 403, and cases cited."

See also Chapman v. Detroit Metropolitan Corp., 268 Mich. 391, 256 N.W. 459; Krakowsky v. Margolis, 255 Mich. 3, 237 N.W. 28; Carter v. Babcock, 206 Mich. 169, 174–176, 172 N.W. 403.

The defendants argue that as the affidavits in garnishment in the present case state that the affiants are, respectively, the vice president and treasurer of the defendant companies, it may be inferred that they were agents with authority to make the affidavits. The Michigan statute requires that an affidavit in garnishment be made by the party "his agent or attorney,"

and defendants further contend that the affidavits made by the vice president and the treasurer, respectively, of the defendant companies were in fact the affidavits of the defendants. Bruun v. Cook, 280 Mich. 484, 495, 273 N.W. 774; Phillips v. Belt Automobile Indemnity Association of Illinois, 241 Mich. 420, 217 N.W. 31; Acme Lumber Co. v. Modern Construction Co., 214 Mich. 357, 183 N.W. 192.

■ However, the courts of Michigan have generally regarded garnishment as a harsh remedy and have required strict compliance with the statutory requirements as to the form of the affidavit. In view of the holding by Judge Levin in Met-Wood Products Corporation v. Sparks-Withington Co., supra, and other authorities herein cited, the court holds that the affidavits in garnishment as originally filed in the present case, unless amendment thereof is granted, are fatally defective as failing to comply with the statutory requirements.

■■ I now turn to the defendants' motions to amend their original affidavits in garnishment so as to state that the affiant officers were the agents of their respective companies. Rule 64 of the Federal Rules of Civil Procedure makes the Michigan statutory remedy of garnishment available in the present action, 14 Cyclopedia of Federal Procedure, 3d Ed., §§ 71.36, 71.39, and under Rule 81(c), as amended, the Federal rules shall apply and govern all procedure in the case after its. removal to this court. It is therefore clear that the question as to the defendants' right to amend their respective affidavits in garnishment shall be determined under the Federal rules and the established Federal law. In Moore v. Illinois Cent. R. Co., D.C., 24 F.Supp. 731, at page 733, the court in rejecting the argument that the State law as to amendment of a complaint should control said:

"However, this question having arisen since the federal rules of civil procedure became effective, the statutes of Mississippi are not controlling. The federal rules of civil procedure control in this court with reference to pleadings.

"Among other purposes of the federal rules of procedure recently promulgated by the Supreme Court of the United States * * * is to settle controversies on their merits rather than to have them dismissed on technical points. * * * Mississippi practice, as hereinbefore shown, was one of liberal amendments, but even in those states where there is a restrictive state practice these federal rules supersede, and the federal courts are no longer obliged to follow any restrictive practice of procedure of the state".

In considering the question of the law applicable to amendments the court in Schaad v. New York Life Ins. Co., D.C., 79 F.Supp. 463, 468, said:

"It has long been settled that a federal court is not bound by state rules of practice which conflict with a federal statute. * * * When a case is removed to the federal court, that court proceeds as if the case had originally commenced there, and the federal rules of procedure are applicable. * * * Under the federal rules the proposed amendment or supplemental pleading ordinarily would be both permissible and proper."

In Bixby v. Chris Craft Corporation, D. C., 7 F.R.D. 80, 81, the district court for the eastern district of Michigan, in allowing an amendment to the complaint to conform to the evidence, stated:

"We are also moved to permit the amendment and to hold with plaintiffs because in the Federal Rules of Civil Procedure * * * a more generous interpretation is given aimed at permitting amendments than under state rules, and on this point, Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 is not applicable since it refers to substantive law. This is procedural."

Rule 15(a) of the Federal Rules of Civil Procedure provides in part:

"A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Rule 4(h) provides:

"At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

The note of the Advisory Committee on Rules following Rule 4(h) states that the rule substantially continues former section 767 of Title 28, U. S. Code, Rev.Stat. § 948, which was repealed by the new judicial code in 1948. In Erstein v. Rothschild, C.C.E.D.Mich., 22 F. 61, the court held that an affidavit in attachment which did not comply with the Michigan law could be amended by virtue of said section 948 of the Revised Statutes. In that case the court said, 22 F. at pages 65, 66:

"Among such provisions is that contained in section 948, Rev.St., which provides that 'any circuit or district court may at any time, in its discretion and upon such terms as it may deem just, allow an amendment of any process returnable to or before it, when the defect has not prejudiced, and the amendment will not injure, the party against whom such process issues.' That this power of amendment would extend to the affidavit, as well as to the writ which is based on it, we have already seen from Tilton v. Cofield, 93 U.S. 163 [23 L.Ed. 858], and no reason can be assigned why it should not apply in cases of attachment. It is not a sufficient reason that the courts of Michigan do not so apply a similar

statutory provision for amendments, because the reasons on which these courts proceed do not apply to attachment suits in the courts of the United States. * * * The power to amend conferred by section 948 is unconditional and positive, and cannot be limited by arbitrary qualifications."

In considering the question of the sufficiency of an affidavit in garnishment which did not comply with the State law of Texas and in allowing the affidavit to be amended, the court in Booth v. Denike, C.C., 65 F. 43, said, at pages 45–48:

"In view of the decisions of the supreme court of this state, it is evident that a court of the state would be without authority to permit an amendment to an affidavit in a proceeding of this character. But it does not follow that in all cases the rule applied by the local courts would be binding upon a federal court sitting within the state. This question was carefully considered by Mr. Justice Matthews in the case of Erstein v. Rothschild, which was tried in the state of Michigan. * * *

"Whenever the practice and procedure of the federal courts are regulated by United States laws, it cannot be doubted that such laws would prevail over the statutes of the state in which the courts are held. * * *

"It only remains to inquire whether congress has legislated upon the subject of the amendment of process and pleadings in the courts of the United States. In the case of Erstein v. Rothschild, supra, the learned justice permitted the affidavit for attachment to be amended, and held that the power of amendment was conferred by section 948, Rev.St. * * *.

"In addition to that section, I think the power to amend affidavits for garnishment, attachment, and other proceedings in civil causes is clearly given by the last clause of section 954, Rev. St. * * *

"It seems clear that the last clause of section 954 expressly confers upon the courts the power to permit parties to amend any defects in the process or pleadings in furtherance of justice. That such power includes also the authority to permit amendments in garnishment proceedings, appears equally evident, and I think it cannot be doubted that the legislation of congress is exclusive of the local laws on that subject."

In 14 Cyclopedia of Federal Procedure, 3d Ed., § 71.40, it is stated: "It has been held that the affidavit (in garnishment) may be amended under authority of federal law governing amendments, although by conformity to state practice amendment would not be allowable." Although the question of the defendants' right to amend their original affidavits in garnishment is to be determined under the Federal Rules of Civil Procedure and the established Federal law, we may nevertheless consider the Michigan statute and decisions thereunder relating to the amendment of process and pleadings in the State courts. Comp. Laws Mich.1948, § 616.1, provides:

"The court in which any action or proceedings shall be pending, shall have power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings, which do not affect the substantial rights of the parties."

This State statute relating to the amendment of pleadings has been liberally construed. See Gratiot Lumber & Coal Co. v. Lubinski, 309 Mich. 662, 16 N.W.2d 112; Blake v. American Trust Co., 293 Mich. 618, 292 N.W. 504; Walden v. Crego's Estate, 288 Mich. 564, 573, 285 N.W. 457; Von Zellen v. Westrom, 274 Mich. 555, 562, 265 N.W. 463; Poma v. Peoples Wayne County Bank, 257 Mich. 696, 698,

241 N.W. 888; Fildew v. Stockard, 256 Mich. 494, 498, 239 N.W. 868; Phillips v. Belt Automobile Indemnity Association of Illinois, 241 Mich. 420, 217 N.W. 31.

The failure of the affiants in the defendants' affidavits in garnishment to indicate, in addition to their official capacities, that they were agents of the defendant companies is a defect in the form rather than the substance of the affidavits. The defendants' garnishment proceedings are ancillary to their counterclaims, and there is no contention that the plaintiff has been misled or prejudiced by the omission of the word "agent" from the affidavits. The decisions of the Federal courts clearly indicate a trend toward liberalizing the law relating to the amendment of pleadings, to the end that litigation may be determined upon its merits rather than upon technicalities. International Ladies' Garment Workers' Union v. Donnelly Garment Co., 8 Cir., 121 F.2d 561, 562; Lloyd v. United Liquors Corporation, 6 Cir., 203 F.2d 789. The permission or refusal of amendment is a matter within the discretion of the court. Watson v. Employers Liability Assur. Corp., Limited, 5 Cir., 202 F.2d 407.

In the present case the court is convinced that the defendants' motions to amend their original affidavits in garnishment should be granted, and that the amendments should relate back to the date of the filing of the affidavits. That is, the defendants' affidavits will be considered as amended so as to comply with the applicable State statute, as of the date such affidavits were filed. Rule 15(c) Federal Rules of Civil Procedure; American Fidelity & Casualty Co. v. All American Bus Lines, Inc., 10 Cir., 190 F.2d 234, 237, certiorari denied 342 U.S. 851, 72 S.Ct. 79, 96 L.Ed. 642; Dworsky v. Alanjay Bias Binding Corporation, 2 Cir., 182 F.2d 803; Murfkan v. Kahn, D.C., 11 F.R.D. 520; Magee v. McNany, D.C., 10 F.R.D. 5, 9, 10; 1 Barron & Holtzoff, Federal Practice and Procedure, § 448; 3 Moore's Federal Practice, 2d Ed., para. 15.15; 6 Cyclopedia of Federal Procedure, 3d Ed., §§ 18.12, 18.45 et seq.

An order will be entered denying the plaintiff's motion to quash the defendants' affidavits in garnishment and granting the defendants' motions to amend their affidavits. No costs will be allowed in connection with these motions.