METROPOLITAN STORE AND SALOON FIXTURE COMPANY
v. WILHELMINA ALBRECHT.

Submitted June 30, 1903—Decided November 9, 1903.

1. The affidavit annexed to a chattel mortgage stated the true consideration to be $520, "being the purchase price of the within-mentioned goods." The affidavit referred to the mortgage, which disclosed that $75 of the purchase price was payable in cash upon the delivery of the goods. The affidavit and chattel mortgage, read together, fairly disclose the true consideration.

2. The affidavit stated that the sum of $445 was due on the mortgage. The mortgage disclosed that this balance of the purchase price was payable in monthly installments. No part of the balance was payable at the time the affidavit was made. The affidavit is not defective for this reason.

3. The word "due," in this case, is properly construed to signify the present existence of a debt payable hereafter.

4. In the absence of proof of the date of execution of an undated chattel mortgage, it cannot be assumed that it was executed prior to the date when it was proved by the subscribing witness.

On appeal from the District Court of Atlantic City.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff and appellant, *William I. Garrison.*

For the defendant, *Eli H. Chandler.*

The opinion of the court was delivered by

SWAYZE, J.   This was an action of replevin for saloon fixtures sold by the plaintiff to one J. A. Morgan. The contract of sale is in the form of an order, dated April 6th, 1901. The purchase price was $520, of which $100 had been paid. By the terms of the contract $200 was due at the time the state of demand was filed in the present suit. The plaintiff claimed under a chattel mortgage, dated the ———— day of ————, 190—, proved by the affidavit of the subscribing witness April 29th, 1901, and recorded April 30th, 1901. The affidavit states that the consideration of the mortgage is $520, "being the purchase price of the within-named goods, and that there is due on said mortgage the sum of $445, besides interest from the date thereof." The defendant was a creditor of Morgan, but as far as appears from the state of the case only a general creditor. Her claim was for rent, which was due at the time of the suit, but not at the time the chattel mortgage was recorded. As far as appears, Morgan owed the defendant nothing at the time the chattel mortgage was recorded. The brief of defendant's counsel states that

she recovered judgment in attachment September 20th, 1901. This fact does not appear in the agreed state of the case. The District Court judge found that the chattel mortgage was not valid for the reason that the affidavit stated the consideration to be $520, but disclosed that only $445 was due, $75 having been paid in cash on the delivery of the goods; and for the further reason that the affidavit stated that the balance of $445 was due upon the mortgage, when, by the terms, it was only to grow due thereafter. He further held that it was invalid for the reason that the order for the goods was dated the 6th day of April, and that the chattel mortgage was not recorded until April 30th.

We think the District Court was in error. The affidavit refers to the mortgage, and they must be read together. *Fletcher* v. *Bonnet,* 6 *Dick. Ch. Rep.* 615. Taken together, they fairly disclose that the consideration was the unpaid purchase price of the mortgaged chattels.

We think, also, that the fact that the affidavit states that the whole of the balance is due does not make it defective, when the mortgage discloses the actual terms of payment. The word "due" does not necessarily mean "owing and payable." It is often used to signify merely the present existence of a debt to be paid hereafter. Such a construction was adopted in construing the act relating to judgments by confession on bond and warrant, in *Scudder* v. *Coryell,* 5 *Halst.* 340, and has been applied in the Court of Chancery to chattel mortgages. *Green* v. *McCrane,* 10 *Dick. Ch. Rep.* 436.

The printed case does not, in our judgment, establish the delay in recording the mortgage, which was relied upon as rendering it invalid. The order for the goods is dated April 6th, 1901. The mortgage itself is undated, apparently because blanks for the date have not been filled in. It is fair, we think, to assume that the goods were not delivered upon the day they were ordered. They may not have been delivered before April 29th, when the chattel mortgage was proved by the subscribing witness. If the latter date is the actual date of execution, the mortgage was recorded

*immediately,* within the meaning of the statute.   In default of proof as to the actual date of the execution of the chattel mortgage, we cannot assume that it was executed at any prior date.   Even if, however, there was delay in the recording of the chattel mortgage, the defendant cannot claim that it was void as to her.   She was not a creditor on the 30th of April, when it was actually recorded, and under the rule of *Roe* v. *Meding,* 8 *Dick. Ch. Rep.* 350, as to her the chattel mortgage is good.

The judgment should be reversed, with costs, and there should be a new trial.