NORTH PENN IRON COMPANY v. EDWARD C. BOYCE.

Argued November 2, 1904—Decided November 14, 1904.

1. The affidavit upon which a writ of attachment may lawfully issue without judicial order, under our statute (*Pamph. L.* 1901, *p.* 158), must appear to have been made by "the plaintiff, his agent or attorney."

2. The secretary of a corporate plaintiff is not, by virtue of his office, the agent of the plaintiff, for the purpose of making such an affidavit.

On motion to quash writ of attachment.

Before Justices Dixon and Swayze.

For the plaintiff, *John D. McMullin.*

For the defendant, *John C. Reed.*

The opinion of the court was delivered by

Dixon, J. The defendant moves to quash the writ of attachment in this case because of defects in the affidavit on which it was issued. The main defect mentioned is that, although the affiant avers that he is the secretary of the plaintiff corporation, it does not appear that he was the plaintiff's "agent or attorney."

Our statute (*Pamph. L.* 1901, *p.* 158) authorizes an attachment to issue "where the plaintiff, his agent, or attorney, shall make affidavit," &c.

In *Trenton Banking Co.* v. *Haverstick,* 6 *Halst.* 171, this court held that like words in the act then existing justified an attachment at the suit of a corporation, and that the affidavit in such case should be made by a person acting in that respect under the authority of the corporation and possessed of the requisite knowledge to make such an affidavit as the law prescribes.

The authority of the secretary of a corporation, as defined in our act concerning corporations (*Pamph. L.* 1896, *p.* 277, § 13), is "to record all the votes of the corporation and directors * * * and perform such other duties as shall be assigned to him." Plainly, in the absence of a special assignment, the authority thus defined does not extend to the making of an affidavit upon which litigation is to be instituted, and I know of no adjudication to the effect that the authority of a corporate secretary, as such, would reach so far.

We are thus brought to the question whether it is necessary that the affidavit should appear to have been made by "the plaintiff, his agent, or attorney."

Bearing in mind that our proceeding by attachment is wholly statutory, an affirmative answer to this question seems logically compelled. The writ directs the seizure of the defendant's property and issues without judicial action and is therefore readily capable of oppressive and unjust use. For this reason, doubtless, the legislature has carefully prescribed the conditions on which it may be procured, and it is the duty of the courts to see that those conditions are observed. Although the legislature has directed that the Attachment act shall be construed in the most liberal manner for the advancement of justice and the benefit of creditors, that does not warrant a disregard of the terms of the statute. If the legislature had intended that the writ might issue on the filing of an affidavit made by any person, though without apparent authority from the plaintiff, the present restrictive language would not have been employed. Such, also, is the trend of judicial decisions, as will be perceived on examining the cases referred to in 4 *Cyc.* 471 and 3 *Encycl. Pl. & Pr.* 7. To the same effect was the *dictum* in *Wescott* v. *Sharp,* 21 *Vroom* 392, 394, where Justice Scudder, speaking for this court, said that an omission to state, in the affidavit of an attorney, that the plaintiff was absent, when the statute authorized an agent to make such affidavit only in case of the plaintiff's absence, would be fatal on a motion to quash the writ.

Our conclusion on this point renders it unnecessary for us to consider the other objections presented.

The writ should be quashed, with costs.