HARVEY K. PARTRIDGE, receiver, Standard Shoe Company,

*v.*

MECHANICS NATIONAL BANK OF BURLINGTON.

[Decided April 8th, 1910.]

1. Proof of the execution of a chattel mortgage before a notary public is not a compliance with the provisions of the general act concerning chattel mortgages, requiring them to be proved as prescribed by the act respecting conveyances. *P. L. 1902 p. 487 §§ 4–6.*

2. The circumstance that the notary public was also a commissioner of deeds and an attorney-at-law does not validate such a chattel mortgage, it appearing that the person taking the proof did not act in either of those capacities, but assumed to do so in his capacity of notary.

3. The contention that because the proof of a corporate deed may be made by an affidavit, and that under the general act respecting oaths and affidavits (*P. L. 1900 p. 320*) they may be taken before a notary and heard, such a mode of proving the execution of a chattel mortgage examined and declared to be non-sustainable. *Gen. El. Co. v. Transit Equipment Co., 57 N. J. Eq. (12 Dick.) 460*, distinguished.

On final hearing, on pleadings and proofs.

*Messrs. Bleakly & Stockwell,* for the complainant.

*Mr. Ernest Watts,* for the defendant.

WALKER, V. C.

The complainant, as receiver of the Standard Shoe Company, seeks to avoid a chattel mortgage given by that company to the Mechanics bank upon several grounds, one only of which need be considered, namely, the effect of the proof of the execution of the mortgage which was made before a notary public.

The Chattel Mortgage act provides that every chattel mortgage shall be absolutely void as against the creditors of the mortgagor unless it shall be recorded in the clerk's office of the county where the property shall be at the time of the execution of the instrument, and that no chattel mortgage shall be recorded unless the execution thereof shall be first acknowledged or proved in the manner prescribed by the act respecting conveyances. *P. L. 1902 p. 487* §§ *4, 5, 6.*

The act respecting conveyances provides that certain instruments, including chattel mortgages, may be acknowledged or proved by one or more of the subscribing witnesses, before certain officers, naming them, not including notaries public, of which acknowledgment or proof the officer shall make his certificate on the instrument, and that the clerk of the court of common pleas of each county shall record such instruments, when "duly acknowledged or proved and certified as aforesaid." *P. L. 1898 p. 670* §§ *21, 22, 41.*

Under our statute the deed of a corporation aggregate may either be acknowledged or proved. *Hopper* v. *Lovejoy, 47 N. J. Eq. (2 Dick.) 573, 578.* In the case *sub judice* the chattel mortgage was proved by a subscribing witness. That proof, however, must have been made in accordance with the provisions of the statute, in order to entitle the instrument to be recorded and thus become constructive notice to creditors.

On behalf of the defendant, the point is made that the notary public before whom the chattel mortgage was proved was also a commissioner of deeds and an attorney-at-law, and that, as in either of these capacities, he had the power to take the proof, it is, therefore, valid, because taken before an officer who had proper capacity. But the trouble with this contention is that the individual who took the proof did not, in so doing, pretend to execute

14

his office either of commissioner of deeds or attorney-at-law, but assumed to take the proof in his capacity as notary public, and as such he had no power in the premises. An office has been defined to be "a right to exercise a public function or employment." *2 Bouv. Dict. (Rawle's Revision) 539.* Now, the person who took this proof as a notary public exercised the functions of that office. He did not exercise the functions either of commissioner of deeds or attorney-at-law. In what capacity he acted he has himself certified. As already seen, a chattel mortgage, unless acknowledged or proved and recorded according to law, is void as against creditors.

On behalf of the defendant, it was further contended that the proof of the execution of a corporate deed is made by an affidavit, and that as section 1 of the act respecting oaths and affidavits (*P. L. 1900 p. 320*) provides that all oaths, affirmations and affidavits required to be made or taken by any statute of this state, or necessary or proper to be made, taken or used in any court in this state, or for any lawful purpose whatever, may be made and taken before any one of the officers named therein, including any notary public, that, therefore, the proof of the conveyance in question, namely, the chattel mortgage under consideration, was properly made before a notary public, and I am referred to the case of *General Electric Co.* v. *Transit Equipment Co., 57 N. J. Eq. (12 Dick.) 460*, in which Vice-Chancellor Pitney speaks of the proof of a conditional contract of sale executed by a corporation as an affidavit. It is true that in the head notes to that case the proof of the corporation's deed is referred to as an affidavit, but in the body of the opinion no such statement is made. The question is considered (at *p. 466*), and there the vice-chancellor refers to the proof of the execution of a deed by a corporation according to the common law, and holds that that manner of authentication is to all intents and purposes an acknowledgment of the deed in the sense of the act of the legislature under consideration by him in the case mentioned, which was an act relating to certain contracts for the lease or conditional sale of railroad equipment and rolling stock, and providing for the record thereof. The proof in the case considered by Vice-Chancellor Pitney was

made before a master in chancery, of whose power in the premises there could be no doubt. No aspect of the question which is before me was before him. But if the question presented to the vice-chancellor in *General Electric Co.* v. *Transit Equipment Co., supra,* had been as to whether the proof of a corporate deed was an affidavit pure and simple and might be made before any officer authorized to administer oaths who may not have been empowered by the Conveyancing act to take the acknowledgment or proof of deeds, I make no doubt but that he would have decided, as I am now deciding, that only those officers authorized by the latter act could act in the premises.

While the proof of the execution of a corporate deed may be said to be in the form of an affidavit as distinguished from an acknowledgment of such an instrument, it is, nevertheless, in my opinion, strictly speaking, not an affidavit—that is, it is not a technical affidavit. In *1 Bouv. Dict. (Rawle's Revision) 111,* an affidavit is defined to be a statement or declaration reduced to writing, and sworn or affirmed to before some officer who has authority to administer an oath or affirmation, and it is said to differ from a deposition in this, that in the latter the opposite party has an opportunity to cross-examine the witness, whereas an affidavit is always taken *ex parte;* and that by general practice affidavits are allowed to present evidence upon the hearing of a motion, although the motion may involve the merits of the action, but they are not allowable to present evidence on the trial of an issue raised by the pleadings. Further, speaking of the formal parts of an affidavit, it is said that the jurat must be signed by the officer with the addition of his official title. In the same law dictionary (volume 2, page 56), a jurat is defined to be that part of an affidavit where the officer certifies that the same was sworn before him. Thus it will be seen that an affidavit is a statement in writing declared to be true by the party who makes it and certified to have been sworn to before him by the officer who takes it. Not so the affidavit which proves the execution of a corporate conveyance, if, indeed, such proof may be properly called an affidavit, for, in the latter case, something more is required than that the officer shall certify that the facts

were sworn to before him, as he is, by the statute, required to certify that such proof was made before him. That is my construction of the Conveyancing act (section 22, *supra*), read in connection with the universally accepted form of such proof, which certifies that the witness doth depose and make proof to the satisfaction of the officer before whom the proof is made. *Corbin's Forms 62.*

Now, the Conveyancing act, in section 22, *supra,* provides that a deed may be acknowledged or proved before any one of the officers in that section named, not including a notary public, and a certificate of such proof signed by such officer written upon or under or annexed to such instrument shall entitle it to be received in evidence in any court of this state, and section 41 provides that when duly acknowledged or proved and so certified, it shall, when delivered to him for that purpose, be recorded by the clerk of the court of common pleas, &c. It is apparent, therefore, that the officers named in the Conveyancing act before whom the acknowledgment or proof of deeds may be made are a special class of officers selected by the legislature and clothed with authority to certify that acknowledgment or proof was made before them of the facts essential to establish the authenticity of the instruments so acknowledged or proved. And to show that this is so, reference has only to be made to the accepted form of such proof. Take the proof in the case at bar, which is practically in the usual and approved form. Such part as is pertinent is as follows: "Be it remembered that * * * before me, a notary public of New Jersey, personally appeared Alburtus H. Jackson, who, being by me duly sworn, doth depose and make proof to my satisfaction," &c. This proof is subscribed by Mr. Jackson and a jurat is appended and subscribed by the notary. The proof is substantially the same as that found in *Corbin's Forms, supra,* although it omits a statement that execution of the mortgage was made in the presence of the deponent. However, that doubtless is to be inferred from the other facts stated in the proof. Besides, there is no question made as to the sufficiency of the proof itself in matters either of form of substance, the sole question being as to the authority of the officer to take the proof.

As the chattel mortgage here involved was not proved according to law, it therefore was not recorded according to law, as it was not entitled to be recorded, and therefore it is not constructive notice to the creditors; and, as no actual notice was shown, their rights must be held to be unaffected by the conveyance.

These views lead to the overthrow of the chattel mortgage. The complainant is entitled to a decree for its avoidance, with costs.