Jacob Goldstein, a silk manufacturer in Paterson, was adjudged a bankrupt in the federal district court, July 17th, 1924. The complainant was elected his trustee in bankruptcy, and he brings this suit to set aside a chattel mortgage made by the bankrupt to the Paterson National Bank, dated March 4th, 1924, and duly recorded on that date. The mortgage covers machinery which has been sold by the trustee in bankruptcy for about $5,200, free of the bank's lien under the mortgage, its lien attaching to the fund. The undisputed facts and circumstances surrounding the making of the mortgage are: On December 24th, 1923, the bank held a chattel mortgage on the chattels in question to secure the payment of a loan of $5,500 made by it to the bankrupt. On January 3d 1924, this loan was increased to $6,500, and a new chattel mortgage of $6,500 was made. The $6,500 loan was on the bankrupt's three months' note due April 3d 1925. Goldstein applied for an additional loan, and on March 4th, 1924, the bank discounted his note, dated that day, at three months, for $9,000, and charged the old note of $6,500, which had still a month to run, to his account. The prior mortgages were discharged and the mortgage in question was made to secure the new loan. The bonafides of the transaction is not questioned. The attack is directed solely to the affidavit annexed to the mortgage. Section 4 of the Chattel Mortgage act (Comp. Stat. pp. 463, 464) provides that every chattel mortgage which shall not be accompanied by an immediate delivery of the mortgaged chattels shall be void as against subsequent purchasers and mortgagees in good faith, "unless the mortgage has annexed thereto an affidavit or affirmation made and subscribed by the holder of such mortgage, his agent or attorney, stating the consideration of said mortgage, and, as nearly as possible, the amount due and to grow due thereon." The affidavit annexed to the chattle mortgage reads: *Page 398 
"STATE OF NEW JERSEY, | ss.
COUNTY OF PASSAIC, |
Elmer Z. Halsted, the president of the Paterson National Bank, the mortgagee in the foregoing mortgage named, being duly sworn on his oath, says that the true consideration of the said mortgage is as follows. viz., the sum of $9,000 loaned to the said Jacob Goldstein, as evidenced by a certain promissory note bearing even date herewith, and this mortgage is given to secure the payment thereof, and deponent further says that there is due on said mortgage the sum of nine thousand dollars, besides lawful interest thereon from the fourth day of March, 1924.
ELMER Z. HALSTED.
Sworn and subscribed this 4th day of March, A.D. 1924, before me, at Paterson, N.J.
JOHN L. GRIGGS,
A master in Chancery of N.J."
The affidavit is criticised because it does not affirm that the affiant is the agent (president) of the mortgagee. The president's affidavit is in legal contemplation the affidavit of the bank and not that of an agent or attorney. American SodaFountain Co. v. Stolzenbach, 75 N.J. Law 721; Black v.Pidgeon, 70 N.J. Law 802.
It is objected that the affidavit does not state the true consideration of the mortgage in these respects — (a) That the consideration of the mortgage was not $9,000 loaned to said Jacob Goldstein, but that, in fact, it was a $2,500 additional loan and the surrender of the former note of $6,500 and mortgage given to secure it. If this be a permissible analysis, it does not change the legal aspect, for the $6,500 debt was not extinguished, and it, with the $2,500, constituted the $9,000 loan. Sadler v.Banaff, 85 N.J. Eq. 335. (b) That not $9,000, but that sum less the discount, was loaned. A loan of $9,000 was made. A counter charge for discount was made. This point was, substantially, disposed of against the present contention in Flockhart FoundryCo. v. Cox Automatic Pipe, c., 95 N.J. Eq. 382; affirmed,96 N.J. Eq. 396. (c) That $9,000 was not loaned, for the reason that the $6,500 note was charged in full against the account of the mortgagor, no allowance being made for unearned *Page 399 
interest thereon of thirty days — March 4th to April 3d — $34.30. If a rebate is due, it is a credit independent of the loan. But it is not clear that the credit was not given. The bank's ledger account with Goldstein does not show that it was, but Goldstein himself says that it was paid to him, and it so appears by an entry on the stub of his check book. It may have been remitted in cash.
The next point is, that the affidavit does not truly state, as near as possible, the amount due and to grow due on the mortgage, in that it reads that there is due on said mortgage the sum of $9,000, when, in fact, the loan was not due until three months hence, which, it is contended, invalidates the mortgage, underHunt v. Ludwig, 93 N.J. Eq. 314; affirmed, 94 N.J. Eq. 158,
where it is held, following the authorities of this state, that a misstatement in the affidavit of the consideration, though innocently made, avoids a chattel mortgage. The point is not well taken. Mr. Justice Swayze, in Metropolitan Fixture Co. v.Albrecht, 70 N.J. Law 149, held a chattel mortgage affidavit to be good, which stated that the amount due was a certain sum, when, in fact, it was to fall due later, saying that "the word `due' does not necessarily mean `owing and payable.'" It is often used to signify merely the present existence of a debt to be paid hereafter. And in Green v. McCrane, 55 N.J. Eq. 436,
Vice-Chancellor Grey declared that the word "due" has been defined in this state to signify, sometimes, simply indebtedness, without reference to the time of payment, and at other times it means that the day of payment or render has passed, and held as not faulty an affidavit which affirmed the mortgage sum to be due. although it was not then payable.
It is also claimed that the affidavit is untrue, because it states that the sum due is $9,000, "besides lawful interest thereon from the 4th day of March, 1924." These superadded words are immaterial. There was no interest due when the affidavit was made, and none could have accrued, because it was made at the very time the indebtedness arose. Furthermore, the condition of the mortgage, to which the affidavit referred, discloses that the note of $9,000 was non-interest *Page 400 
bearing, and that it was payable in three months. It was obvious to all interested that no interest was due. In Green v.McCrance, supra, the vice-chancellor thought the statutory requirement, that the amount due and to grow due be stated "as nearly as possible," indicated that it was not to be precisely and exactly stated, and held an affidavit to be unimpaired by the statement that there was interest due on the amount of an unmatured non-interest-bearing obligation, when, upon reading the affidavit in connection with the condition of the mortgage, the amount due was apparent.
Bill dismissed.