This is an application by a receiver to set aside a chattel mortgage made by the insolvent corporation, dated and delivered February 19th, 1925, and recorded March 6th, 1925.
The first point of attack is that the statutory affidavit annexed to the mortgage is not made by the mortgagee, his *Page 161 
agent or attorney, within the meaning of the Chattel Mortgage act of this state.
The affidavit reads as follows:
"State of Missouri, | 
City of St. Louis. |
Ideal Filter Co., the mortgagee in the foregoing mortgage named, being duly sworn on oath, say that the true consideration of said mortgage is as follows, viz.:
1 Model R Ideal Duplex .............................. $508.00
2 500 gal. 1 335 gal. underground tanks ........... 459.00
 __________
 Total .......................................... $967.00

And deponent further says that there is due on said mortgage the sum of $710.00, besides lawful interest thereon, from the fifteenth day of February, 1924.
Sworn and subscribed this 4th day of March, A.D. 1925, before me, at St. Louis, Mo.
 ROY C. GODFREY, Notary Public, City of St. Louis, Mo.
IDEAL FILTER CO., By ETHEL M. LONG, Sec'y.
ROY C. GODFREY, Notary Public.
My commission expires October 16, 1928."
The fourth section of the Chattel Mortgage act (Comp. Stat. p.464) requires that the affidavit of the mortgagee be "made and subscribed to by the holder of the mortgage, his agent or attorney."
The affidavit recites that the mortgagee, a corporation, swore to its contents. It is apparent that a corporate entity itself cannot make such an affidavit. The words "by Ethel M. Long, secretary," are added. A secretary of a corporation is not, by virtue of his office, an agent for the purpose of making such an affidavit. Iron Co. v. Boyce, 71 N.J. Law 434.
It does not appear in the body of the affidavit that Ethel M. Long was secretary or agent of the corporation. It does not appear that she was sworn as to the truth of the contents.
In the case of Watson v. Rowley, 63 N.J. Eq. 195, it was held: *Page 162 
"Under the Chattel Mortgage act declaring chattel mortgages, where the mortgagor retains possession of the property absolutely, void, unless accompanied by an affidavit by the holder of the mortgage or his agent stating the true consideration for the mortgage, it must appear in the affidavit that the affiant is the holder of the mortgage or his agent or attorney."
My attention has been called to the cases of American SodaFountain Co. v. Stolzenbach, 75 N.J. Law 721, and Lessler v.Paterson National Bank, 97 N.J. Eq. 396, by counsel for the defendant.
In the American Soda Fountain Case the affidavit was made by the vice-president and his official position appeared in the body of the affidavit. In the Lessler Case the affidavit was made by the president. These cases differ from the case at bar in that they distinguish between the acts of a corporation through an agent and those of an executive officer. Acts of a president or vice-president of a mortgagee corporation are in legal contemplation the acts of the corporation. Those of a secretary or agent may or may not be. This affidavit is therefore defective.
The second point is that the mortgage was not properly acknowledged or proved. The form of the acknowledgment or proof under discussion is as follows:
"State of New Jersey | ss.
County of Essex, |
Be it remembered, that on the 19th day of February, A.D. 1925, before the undersigned, a notary public within and for the county and state aforesaid, personally came Heyman Helman, secretary of the U.S. Dyeing and Cleaning Works, who is personally known to me to be the same person whose name subscribed to the foregoing chattel mortgage as a party thereto, and acknowledged the same to be the act and deed for the uses and purposes therein mentioned, and that Joseph Koppleon signed same as president of the corporation by order of the board of directors.
In testimony whereof, I have hereunto subscribed my name and affixed my official seal at my office, in Irvington, in said county and state, the day and year aforesaid.
 JOHN I. MIDDLETON, Notary Public of New Jersey."
Both the president and secretary signed. *Page 163 
In Hopper v. Lovejoy, 47 N.J. Eq. 573, the court said:
"With regard to corporate deeds he [the acknowledging officer] must, therefore, be satisfied that such person is in the eye of the law the grantor mentioned in it — that is, authorized to represent the corporation in executing and acknowledging the conveyance."
It appears that the president signed "by order of the board of directors." He did not acknowledge. If there was any acknowledgment at all, it was by the secretary, and it does not appear that there was any authority for him either to sign or acknowledge. In fact, it is specifically stated that the president was the one authorized. As a corporate proof it is equally defective. Therefore, the mortgage was not entitled to record, its record was a nullity and it is void against the receiver and not legal notice to creditors. Partridge v.Mechanics National Bank, 77 N.J. Eq. 208.
The next point pressed by counsel for the receiver is that the affidavit does not set forth the true consideration of said mortgage, nor is the consideration set forth sufficiently within the meaning of the Chattel Mortgage act, in that it does not set forth how the relation between debtor and creditor arose between the parties thereto. I believe this objection is without merit. See American Soda Fountain Co. v. Stolzenbach, supra.
The final point is that the mortgage was not recorded immediately, as required by the statute. It was made and delivered on February 19th. It was recorded on March 6th, an interval of seventeen days.
In Stanber v. Sims Magneto Co., 98 N.J. Eq. 38 (later affirmed in 132 Atl. Rep. 922), the court set aside a mortgage because of a delay of four days in recording. "Immediately" was construed to mean "as soon as may be by reasonable dispatch under the circumstances of the case."
I directed counsel for defendant at the argument to ascertain from their clients if there is any reasonable excuse for this delay and to inform me, when the brief was submitted — that is, within ten days. Counsel stated they were in communication *Page 164 
with their clients and would follow the court's direction. This they have not done. They say in their brief:
"Among other things, the receiver claims that the chattel mortgage was not recorded immediately, as required by the Chattel Mortgage act. It is also claimed that the affidavit does not set forth the true consideration of the mortgage. These two points, of course, will require the taking of testimony, and if the mortgage is sustained, in so far as the other points raised are concerned, the Ideal Filter Company will, undoubtedly, want to take testimony to show the circumstances surrounding the execution of the mortgage."
Counsel cannot draw the fire of the court in this way. They should present their entire case in one brief, and not wait for the opinion of the court on one phase before taking up the others. They had their opportunity and have not availed themselves of it.
There is nothing before me, therefore, but the facts — first, of execution and delivery; second, recording. A lapse of seventeen days between these events is not "immediately" within the meaning of the statute.
For the reasons stated the mortgage should be set aside, and whatever claim the mortgagee has should be filed as a general claim.