MAXWELL M. STEMBER, PLAINTIFF-RESPONDENT, v. MANHATTAN ELECTRIC SUPPLY COMPANY, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT, AND JOHN O'GRADY, CONSTABLE, DEFENDANT.

Argued May 9, 1935—Decided August 10, 1935.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the appellant, *Chazin & Chazin.*

For the respondent, *Jack G. Goldberg* (*Saul Mendelson,* of counsel).

The opinion of the court was delivered by

PERSKIE, J. This is a replevin suit. The state of case, settled by the trial judge, who sat without a jury, discloses these facts.

The Sigmey Hat Company, manufacturers of hats, was a tenant in a portion of the factory and loft building owned by the defendant, Manhattan Electric Supply Company, Incorporated, located at 45 Morris street, Jersey City, New Jersey. Prior to February 13th, 1934, the tenant placed certain machinery and other chattels in the leased premises. On the last stated date it executed a chattel mortgage in the sum of $650 on its machinery and other chattels to the Beneforge Capital Corporation. The mortgage being in default, foreclosure proceedings were instituted, sale had thereunder and plaintiff became the purchaser of the machinery and other chattels in question. On Saturday, May 19th, 1934, plaintiff's attempt to remove the chattels was resisted and prevented by defendant, landlord, on the ground that the tenant was indebted to it in the sum of $358 for rent which had accrued subsequent to the date of the chattel mortgage and for which it had on the very same day—namely—May 19th, 1934, made a distress. Three days thereafter, on May 22d, 1934, plaintiff instituted this replevin suit, posted bond and removed the chattels to New York. Thus, at the trial, plaintiff claimed the right of possession of the chattels by virtue of having purchased same at the sale under the foreclosure proceedings; the defendant claimed the right of possession to the same goods by virtue of its distress ("Act concerning distresses," 2 *Comp. Stat.* 1709-1910, *p.* 1939), and in addition thereto also claimed a cumulative and concurrent lien by virtue of "An act to give a lien to owners of mill, factory, loft and other manufacturing space upon the machinery and other chattels of those to whom office space has been rented, and providing for the enforcement of such lien." *Pamph. L.* 1933, *ch.* 237, *p.* 637. As to the latter claim compare *Shoemaker* v. *Maloney,* 102 *N. J. L.* 363; 132 *Atl. Rep.* 606; *Stinson & Dickinsheets* v. *Specialty Homes,* 107 *N. J. Eq.* 295; 20 *C. J.* 9.

There was a nonsuit as to John O'Grady; that is not in issue. In disposing of a motion for judgment made by counsel for the respective parties, the trial judge found, "as a matter of fact that the defendant, the Manhattan Electric

Supply Company, Incorporated, failed to comply with all of the provisions of chapter 237 of the laws of 1933" (*N. J. St. Annual* 1933, §§ 116-76 to 116-94), and accordingly rendered judgment in favor of the plaintiff. Hence this appeal.

In what respect the defendant failed to comply with the act of 1933, the validity of which is not questioned, is not made to appear in the record. It should perhaps be noted that counsel for appellant assumes and, on that assumption, argues that in all probability the court made that finding because appellant did not conduct a sale of the chattels (section 4 of the act of 1933, *supra*). Same counsel further argues that appellant was under no obligation to proceed with sale; that the language of the fourth section of the act was merely optional and not obligatory. Compare *Farley* v. *Craig*, 15 *N. J. L.* 191 (at *p.* 213). We are not, however, privileged to engage in the realm of speculation; we are bound by the unchallenged record.

But, be that as it may, we find it unnecessary to treat of but one of the assigned and argued specification of determinations with which appellant is dissatisfied in point of law. It is this: "* * * the affidavit of consideration [referring to the chattel mortgage in question] is defective *because it does not appear therein that it was executed by the holder, its agent or attorney* as required by section 4 of the Chattel Mortgage act." (Subdivision b of specification No. 4.) We think that this point is well taken.

In the case at bar the affidavit to the chattel mortgage is made by one, Maxwell B. Stember, who is also the plaintiff below. All that he says on this point is "* * * that he is the secretary of the Beneforge Capital Corporation * * * holder of the mortgage." No word, it will be observed, appears as to his agency, or authority, in the premises. It is well settled that the existence of the statutory capacity of the affiant should be made to appear in the affidavit in order to give it vitality and validity; it cannot afterwards be supplied by evidence *aliunde*. *Watson* v. *Rowley*, 63 *N. J. Eq.* 195; 52 *Atl. Rep.* 160.

Obviously, an artificial person, a corporation, cannot make

such an affidavit, *per se*. Our Court of Errors and Appeals has held:

"* * * that a statute that authorizes the doing of a certain act by a corporation or by its agent should be given effect by permitting the corporation to act either *per se* through its officer or *per alium* through its agent; and furthermore that where it becomes necessary for a corporation, to gain the advantage of a statute or otherwise, to make an affidavit, the affidavit may be made in its behalf by an officer thereof acting under the authority of the corporation and possessed of the requisite knowledge to make such an affidavit as the law requires; that such affidavit is, in legal contemplation, the affidavit of the corporation and not of an agent or attorney." *American Soda Fountain Co.* v. *Stolzenbach,* 75 *N. J. L.* 721, 734.

In the last cited case the affidavit was made by the vice-president of the corporation. In the case of *Lessler* v. *Paterson National Bank,* 97 *N. J. Eq.* 396; *affirmed,* 99 *Id.* 428, the affidavit was made by the president of the corporation. Since each affidavit in the aforesaid cases was signed by an executive officer of the corporation (president and vice-president) the court held that an affidavit so made was in legal contemplation the act of the corporation and not that of an agent or attorney. A secretary is not by virtue of his office such an officer. He may or may not, therefore, be authorized to act for the corporation. *Pincus* v. *United States Dyeing and Cleaning Works, Ibid.* 160, 162. See *LeWine on Chattel Mortgages* (1934), *pp.* 119, *et seq.*

A strikingly similar provision to that of section 4 of the Chattel Mortgage act is contained in the Attachment act of 1901 (*Pamph. L.* 1901, *p.* 158; 1 *Comp. Stat., p.* 133, § 1), which authorizes the issuance of an attachment "where the plaintiff, his agent or attorney shall make affidavit," &c. In construing that act we held that the secretary of a corporation plaintiff is not, by virtue of his office, the agent of the plaintiff for the purpose of making such an affidavit. *North Penn Iron Co.* v. *Boyce.* 71 *N. J. L.* 434.

Clearly. plaintiff's claim to the chattels was based on a

chattel mortgage, which, by reason of its fatally defective affidavit, was absolutely void as against appellant, creditor of the mortgagor.

Judgment is reversed.