EDWARD T. MOORE, receiver of Floc-Art Print Works, Incorporated, complainant-respondent,

*v.*

PREISS TRADING CORPORATION, defendant-appellant.

[Submitted February 14th, 1936. Decided April 24th, 1936.]

———

*Messrs. Berry & Adlman,* for the appellant.

*Mr. Herman H. Singer,* for the respondent.

The opinion of the court was delivered by

DONGES, J.

The receiver of Floc-Art Print Works, Incorporated, filed his bill of complaint to set aside a chattel mortgage made by Floc-Art Print Works, Incorporated, to defendant-appellant, on the ground that the affidavit to be made by the mortgagee did not comply with the provisions of the Chattel Mortgage act. *P. L. 1928 p. 131; Cum. Supp. Comp. Stat. 1925-1930 p. 211.* The court decreed the mortgage to be invalid and this appeal brings up for review that decree.

The affidavit to the mortgage is as follows:

"Elias Preiss of Preiss Trading Corporation, the mortgagee in the foregoing mortgage named, being duly sworn, on his oath, says that

the true consideration of the said mortgage is as follows, viz.: the sum of Five Thousand Dollars advanced this day by the mortgagee to the mortgagor as evidenced by two (2) checks this day made by the mortgagee to the order of the mortgagor, one in the sum of Three Thousand Dollars ($3,000) and the other in the sum of Two Thousand Dollars ($2,000) drawn on the Manufacturers Trust Co., 8th Ave. and 34th Street Branch, New York City, total, $5,000.

Deponent further says that there is due and to become due on said mortgage the sum of $5,000 and 00/100 cents, besides lawful interest thereon from the 18th day of December, 1933.

ELIAS PREISS.

Sworn to and subscribed, &c."

The court below held that the affidavit did not comply with the requirements of the statute in that it was not made by the mortgagee or its agent or attorney, and in that it failed to set forth the true consideration of the mortgage. Section 4 of the Chattel Mortgage act, *supra,* provides that the affidavit shall be made by "the holder of said mortgage, his agent, or attorney."

In *American Soda Fountain Co.* v. *Stolzenbach, 75 N. J. Law 721,* it was held that a "corporation might act *per se* through its officer or *per alium* through its agent."

In the instant case there is nothing to indicate in what capacity Elias Preiss signed the affidavit. Was he acting as an officer of the company, or as its agent, or attorney? The relation of the affiant to the corporate mortgagee must appear in the affidavit, either in the body thereof or in the signature thereto in the case of an officer of the corporation (*Lesser* v. *Paterson National Bank, 97 N. J. Eq. 396; affirmed, 99 N. J. Eq. 428*), and when made by an agent or attorney the fact of agency must be verified in the affidavit. In this case there was no identity of the affiant and it follows that the affidavit was insufficient.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.

*For reversal*—None.