## In re GOLD.

## BUSINESS FINANCE CO. v. WEITZ.
### No. 6445.

Circuit Court of Appeals, Third Circuit.
Dec. 10, 1937.

Emanuel Weitz and Irving Eisenberg, both of Jersey City, N. J., for appellee.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

The appellant, Business Finance Company, is the holder of a chattel mortgage covering certain chattels of the bankrupt, Lawrence Gold, given by him in return for valuable consideration and duly recorded by the appellant in accordance with the law. It now seeks to avail itself of the security of this mortgage in derogation of the rights of the general creditors of the bankrupt's estate. The affidavit of consideration upon the mortgage was executed by Lillian Bloom, the secretary of the corporation, but no evidence of her authority, if any, to act for the corporation, other than that which might be implied by reason of her office, was contained in the affidavit itself. It is as follows:

"State of New Jersey, County of Hudson, ss:

"Lillian Bloom, Secretary of the Business Finance Co. a corporation of the State of New Jersey, the mortgagee in the foregoing mortgage named being duly sworn on her oath says that the true consideration of said mortgage is as follows, viz:— The said Lawrence Gold trading as Gold Pharmacy has borrowed from the said Business Finance Co. the sum of $1200.00 and the said Business Finance Co. a Corporation of N. J. has loaned to the said Lawrence Gold trading as Gold Pharmacy the sum of $1200.00 as evidenced by a promissory note in the sum of $1200.00 bearing even date herewith and deponent further says that there is due and to grow due on said mortgage the sum of $1200.00 besides lawful interest thereon from the 5th day of February, 1936."

Section 4 of a New Jersey statute, entitled an "Act concerning mortgages on chattels," 1 New Jersey Comp.St.1910 p. 463, provides: "Every mortgage or conveyance intended to operate as a mortgage of goods and chattels hereafter made, which shall not be accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, and as against subsequent purchasers and mortgagees in good faith, unless the mortgage, having annexed thereto an affidavit or affirmation made and subscribed

Abraham Natovitz, of Jersey City, N. J., for appellant.

by the holder of said mortgage, his agent, or attorney, stating the consideration of said mortgage and as nearly as possible the amount due and to grow due thereon, be recorded as directed in the succeeding section of this act; provided, nothing contained in this act shall be taken, construed or held to apply to any mortgage of personal property included in a mortgage of franchise and real estate heretofore or hereafter made by any railroad company, and which hath been or shall be recorded or registered as a mortgage of real estate in every county in which such railroad or any part of it is or shall be located, and it shall not be necessary to record as a chattel mortgage any such mortgage as is in this proviso described. (P.L.1902, p. 487)."

The question here presented is as follows: In view of the foregoing statute, is the affidavit of consideration, so made by Lillian Bloom, sufficient without evidence of her authority to make it on behalf of the corporation?

■ It is settled law, no federal question being involved, that the federal courts will accept as conclusive that construction of a state statute adopted by the highest court of the state wherein the cause of action arises. Woods Bros. Const. Co. v. Yankton County, 8 Cir., 54 F.2d 304, 81 A. L.R. 300; Memphis St. R. Co. v. Moore, 243 U.S. 299, 37 S.Ct. 273, 61 L.Ed. 733. Though the Court of Errors and Appeals of New Jersey has never ruled upon the precise question here presented, we can obtain substantial aid in the interpretation of the statute in question from the decisions of the Court of Errors and Appeals and the lower courts of New Jersey.

■ It is the settled law of New Jersey (and indeed this is not questioned by the appellant) that the president and vice president of a corporation are executive officers, and that the secretary and treasurer are ministerial or administrative officers. Section 13 of the General Corporation Act of New Jersey, 2 Comp.St.1910, p. 1607 § 13, provides that: "The secretary * * * shall be sworn to the faithful discharge of his duty, and shall record all the votes of the corporation and directors in a book to be kept for that purpose, and perform such other duties as shall be assigned to him." Ministerial officers are defined generally as those officers whose duty it is to execute the mandates, lawfully issued, of their superiors.

In 1908, Justice Dill, speaking for the Court of Errors and Appeals in American Soda Fountain Co. v. Stolzenbach, 75 N.J. L. 721, 734, 68 A. 1078, 1083, 16 L.R.A., N.S. 703, 127 Am.St.Rep. 822, enunciated the principle governing the statute here at issue, as follows:

"In this case we hold that a statute that authorizes the doing of a certain act by a corporation or by its agent should be given effect by permitting the corporation to act either per se through its officer or per alium through its agent; and, furthermore, that where it becomes necessary for a corporation, to gain advantage of a statute or otherwise, to make an affidavit, the affidavit may be made in its behalf by an officer thereof acting under the authority of the corporation and possessed of the requisite knowledge to make such an affidavit as the law requires; that such affidavit is, in legal contemplation, the affidavit of the corporation, and not of an agent or attorney.

"This principle is applicable to the affidavit in the present case made under the 'Act Concerning Mortgages on Chattels (Revision of 1902)' and section 4 thereof (Pamph.L.1902 [1 Comp.St.1910, p. 463, § 4]) where the corporation is the holder of the mortgage. In such case a recital of the official relationship of the affiant to the corporation is sufficient, without proof of the authority of the affiant, either virtute officii or otherwise, to make the affidavit."

In the case just cited, the affidavit in question was executed by the vice president of the corporation, an executive officer.

In Stember v. Manhattan Electric Supply Co., 115 N.J.L. 360, 180 A. 424, 425, the Supreme Court of New Jersey, in delivering its opinion, stated as follows: "In the case at bar the affidavit to the chattel mortgage is made by one, Maxwell B. Stember, who is also the plaintiff below. All that he says on this point is 'that he is the Secretary of the Beneforge Capital Corporation * * * holder of the mortgage.' No word, it will be observed, appears as to his agency, or authority, in the premises. It is well settled that the existence of the statutory capacity of the affiant should be made to appear in the affidavit in order to give it vitality and validity; it cannot afterwards be supplied by evidence aliunde. Watson v. Rowley, 63 N.J.Eq. 195, 52 A. 160."

The Supreme Court of New Jersey then proceeds to cite the case of American Soda Fountain Co. v. Stolzenbach, supra, and goes on to say:

"In the last-cited case the affidavit was made by the vice president of the corporation. In the case of Lessler v. Paterson National Bank, 97 N.J.Eq. 396, 128 A. 800, affirmed 99 N.J.Eq. 428, 131 A. 923, the affidavit was made by the president of the corporation. Since each affidavit in the aforesaid cases was signed by an . executive officer of the corporation (president and vice president) the court held that an affidavit so made was in legal contemplation the act of the corporation and not that of an agent or attorney. A secretary is not by virtue of his office such an officer. He may or may not, therefore, be authorized to act for the corporation. Pincus v. United States Dyeing & Cleaning Works, 99 N.J.Eq. 160, 162, 133 A. 66. See LeWine on Chattel Mortgages (1934), pp. 119 et seq.

"A strikingly similar provision to that of section 4 of the Chattel Mortgage Act (1 Comp.St.1910, p. 463, § 4) is contained in the Attachment Act of 1901 (P.L.1901, p. 158; 1 Comp.Stat., pp. 132, 133, § 1), which authorizes the issuance of an attachment 'where the plaintiff, his agent or attorney, shall make affidavit,' etc. In construing that act, we held that the secretary of a corporation-plaintiff is not, by virtue of his office, the agent of the plaintiff for the purpose of making such an affidavit. North Penn Iron Co. v. Boyce, 71 N.J.L. 434, 58 A. 1094."

In Moore v. Preiss Trading Corporation, 120 N.J.Eq. 214, 184 A. 521, 522, the Court of Errors and Appeals said: "The relation of the affiant to the corporate mortgagee must appear in the affidavit, either in the body thereof or in the signature thereto in the case of an officer of the corporation, Lessler v. Paterson National Bank, 97 N.J.Eq. 396, 128 A. 800, affirmed 99 N.J.Eq. 428, 131 A. 923, and when made by an agent or attorney the fact of agency must be verified in the affidavit."

In North Penn Iron Co. v. Boyce, 71 N.J.L. 434, 58 A. 1094, the Court of Errors and Appeals again enunciated the fundamental principle as follows: "The authority of the secretary of a corporation, as defined in our act concerning corporations (P.L.1896 p. 277, § 13 [2 Comp.St. 1910, p. 1607, § 13]), is 'to record all the votes of the corporation and directors * * * and perform such other duties as shall be assigned to him.' Plainly, in the absence of a special assignment, the authority thus defined does not extend to the making of an affidavit upon which litigation is to be instituted, and I know of no adjudication to the effect that the authority of a corporate secretary, as such, would reach so far."

In the recent case of Leader Holding Corporation v. McLintock, 121 N.J.Eq. 542, 191 A. 768, 769, decided upon May 3, 1937, Vice Chancellor Bigelow stated: "The secretary of a corporation is not, by virtue of his office, authorized to make the affidavit."

The contention of the appellant is that the decision of the Court of Errors and Appeals in American Soda Fountain Co. v. Stolzenbach, supra, has been misinterpreted by the lower courts of New Jersey. Upon its brief the appellant states: " * * * In no way is the word executive officer used (in that decision of the court), nor is there an intimation or a reference to an executive officer in the opinion. * * * The case specifically states that a corporation may act through its administrative officers. The confusion as to rights of officers of a corporation to act for it in the execution of an affidavit in a chattel mortgage has arisen because of an error. The word executive has been substituted for the word administrative."

The appellant has fallen into two-fold error in its contentions. In American Soda Fountain Works Co. v. Stolzenbach, while the Court of Errors and Appeals does state that a corporation may act through its "administrative" officers for the execution of an affidavit of consideration, none the less in the case cited, since the affidavit was executed by an executive officer, a vice president of the corporation, and not by an administrative officer, this portion of the opinion must stand as dicta. Second, and this we conceive to contain the real gist of the controversy in the case at bar, the appellant overlooks the fact that a corporation may act solely through its officers; that the corporate officers are empowered to act only by virtue of their respective special agencies in turn arising out of the nature of the office held by each. For example, an executive officer may bind a corporation by way of an ordinary contract, or by the representations of an affidavit made in the regular course of a corporation's business dealings. But an ad-

ministrative officer, that is to say, one who performs mere ministerial or administrative functions, by his acts cannot so bind his corporation unless he is authorized specially to do so by the corporation. If an administrative officer be authorized to perform acts of an executive nature, it is reasonable to require him to state his authority in that affidavit which he makes in an executive capacity on behalf of the corporation. Thus the possibility of fraud is obviated as contemplated by the statute.

The rule the statute thus enunciates is a narrow one but a salutary one.

We hold, therefore, that the execution of the affidavit of consideration by the secretary of the corporation, without recital by her in the affidavit itself of her authority to do so, is void as against the trustee in bankruptcy of the mortgagor, Lawrence Gold.

Accordingly, the order of the court below is affirmed.