JOSEPH BIGEL, receiver of Lippey Printers, Inc., complainant-respondent,

*v.*

BRANDTJEN & KLUGE, INC., defendant-appellant.

[Submitted October term, 1941.   Decided January 29th, 1942.]

*Messrs. Lord & Lord (Mr. William A. Lord* and *Mr. Morris Levine,* of counsel), for the appellant.

*Mr. Harry Schaffer,* for the respondent.

PER CURIAM.

We concur in the view of the learned Vice-Chancellor that the chattel mortgage is void as to creditors for failure to set out in the affidavit annexed thereto a true and full statement of the consideration thereof as required by *R. S. 1937, 46:28-5.*   There was a lack of substantial compliance with this provision of the statute.   Honesty is not alone the determinative; completeness of statement is also a prerequisite.

We are also of opinion that the Vice-Chancellor correctly charged appellant with the receiver's compensation and

administration expenses; but we think the counsel fee should be reduced to $350.

And there was jurisdiction in equity under the circumstances. *Pryor* v. *Gray, 70 N. J. Eq. 413; affirmed, 72 N. J. Eq. 436.*

The evidence does not sustain the contention that appellant "was a conditional vendor of the printing press." But assuming such an agreement at the outset, it was superseded by the chattel mortgage.

Inasmuch as the complainant, Photo-Lith, Inc., has not appealed, we have no occasion to determine the propriety of the dismissal of the bill as to it.

The decree is modified accordingly, and, as so modified, affirmed.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ.   15.