**EMMERGLICK v. PHILIP WOLF, Inc.**

**No. 41.**

Circuit Court of Appeals, Second Circuit.

Nov. 4, 1943.

Joseph J. Dreyer, of Brooklyn, N.Y., for plaintiff.

Avel B. Silverman, of New York City, for defendant.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal by defendant from a judgment of the district court against it for $4,446.37, the value of personal property converted by it. Plaintiff is statutory receiver, under appointment of the New Jersey Court of Chancery, of the New Jersey Printing Company, a New Jersey corporation, which on September 19, 1941, executed a chattel mortgage to defendant covering certain printing machinery and equipment. Before plaintiff's appointment, defendant, purporting to foreclose the mortgage upon the mortgagor's default, took possession of the property and removed it to New York. Plaintiff recovered judgment below on the court's ruling that the mortgage was invalid under New Jersey law.

Under N.J.S.A. 46:28-5, a chattel mortgage not accompanied by delivery of possession is absolutely void as against creditors and subsequent purchasers of the mortgagor, "unless the mortgage, having annexed thereto an affidavit or affirmation, made and subscribed by the holder of such mortgage, his agent or attorney, stating the consideration of such mortgage and, as nearly as possible, the amount due and to become due thereon, be recorded as provided by section 46:28-7 of this title." Here the mortgage was duly recorded, but plaintiff contends that the affidavit of consideration was insufficient. The affidavit was executed by one Moe Markowitz, who stated in it that he was "Secretary of Philip Wolf, Inc., the mortgagee," and that the true consideration of the mortgage was the sum of $3,450, "cash paid to the mortgagor at his request, simultaneously with the execution and delivery of this mortgage." Defendant concedes that the mortgagor never received any more than $3,000 cash, but claims that the other $450 represented fees actually due and paid on behalf of the mortgagor for legal services in connection with the mortgage. Plaintiff contends that the affidavit was insufficient both because it did not disclose Markowitz' authority to execute it and because the consideration was not truly stated. The court below rejected the first objection as too technical, not go-

ing to the validity of the mortgage, but accepted the second. We are constrained to hold that under applicable New Jersey law both objections were well taken.

■ As to the first contention, it is to be noted that the required affidavit was executed by Markowitz simply as defendant's secretary. Nothing beyond the word "secretary" following his name was said as to his agency or authority. Under New Jersey law the secretary of a corporation is merely a ministerial officer, as distinguished from the president and vice-president, who are executive officers. The execution of the affidavit, therefore, by Markowitz cannot be deemed an execution by the corporation, but only an execution by an agent; and since no further proof of his authority was contained in the affidavit, there is a violation of the statute. Exact precedents are to be found in Re Gold, 3 Cir., 93 F.2d 676; Stember v. Manhattan Electric Supply Co., 115 N.J.L. 360, 180 A. 424; Pincus v. United States Dyeing & Cleaning Works, 99 N.J.Eq. 160, 133 A. 66. Whatever may be thought the technical nature of the objection, the decisions of the New Jersey courts, by which we are bound, are clear, and we must follow them.

Defendant contends that in any event the early case of American Soda Fountain Co. v Stolzenbach, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A.,N.S., 703, 127 Am.St.Rep. 822, supports its contention that execution by the secretary is indeed execution by the corporation. In that case, however, the affidavit was executed by the vice-president, an executive officer of the corporation; and, as was said in the Stember case, supra, 115 N.J.L. 360, 180 A. at page 425, "A secretary is not by virtue of his office such an officer."

■ The affidavit is also insufficient because it does not state the true consideration of the mortgage. Here again we are confronted with a strict rule of local law. In Hunt v. Ludwig, 93 N.J.Eq. 314, 116 A. 699, affirmed 94 N.J.Eq. 158, 118 A. 839, an innocent mistake was made as to the amount of consideration by including a sum secured by another similar chattel mortgage, and the court concluded, 93 N. J.Eq. 314, 116 A. at page 700: "The change in the judicial attitude regarding the statutory affidavit that an honest and substantial compliance, rather than a technical adherence, is all that is required, indicated first in Metropolitan Fixture Co. v. Albrecht, supra [70 N.J.L. 149, 56 A. 237],

and emphasized later in American Soda Fountain Co. v. Stolzenbach, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A.,N.S., 703, 127 Am.St. Rep. 822, and Howell v. Stone, 75 N.J. Eq. 289, 71 A. 914, marked no relaxation of the rule established by the cases that the affidavit must truthfully state the consideration, and that a substantial deviation from the truth, however honestly made, will invalidate the mortgage as against creditors." Even stricter decisions than this one are found in Bigel v. Brandtjen & Kluge, Inc., 129 N.J.Eq. 537, 20 A.2d 320, affirmed 131 N.J.Eq. 119, 24 A.2d 179, in which the mortgage was held invalid because the affidavit did not state that a part of the face amount of the mortgage was for interest charges, and in Re Novelty Web Co., 3 Cir., 236 F. 501, where a similar result was reached because the loan was not in fact made until the day following that stated in the affidavit.

In the light of these decisions the present affidavit cannot be considered sufficient. It was certainly incumbent on defendant, when it appeared that the total amount of the loan for which the mortgage was purportedly given was not actually paid to the mortgagor, to go forward and show at least that the money was applied for the mortgagor's use, and at his direction. True, defendant now claims that the money was due Markowitz for his services as attorney and that since the $3,000 was actually paid by Markowitz with his personal check (despite the fact that he was allegedly acting for the corporation) it would have been a futile gesture for him to deliver the additional $450 to the mortgagor only to receive it back immediately. We need not now consider whether or not the local law does indeed go so far as to require such formal delivery, for the proof does not show in fact that the services were by Markowitz (his attenuated testimony seems almost studiously to avoid a direct statement); nor does it persuade that any such amount was, or, indeed, could have been, actually due for the simple transaction involved. Indeed, it appears suspiciously like a 15 per cent bonus either to defendant or to defendant's officer for an ordinary loan. The court was fully justified in holding that the true consideration was not shown.

Plaintiff also urges affirmance on the additional ground that the invalidity of the mortgage has already been adjudicated by the New Jersey Court of Chancery in an

action in which, however, defendant was served only by mail. Under the circumstances we do not find it necessary to examine this contention.

Judgment affirmed.