614

## In re HARRISON.
### No. B–280–52.

United States District Court
D. New Jersey.

Jan. 27, 1953.

Kleinberg & Moroney, Newark, N. J., for trustee.

Irving J. Rosenberg, Newark, N. J., for petitioner.

Charles H. Weelans, Newark, N. J., referee in bankruptcy.

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein by The National City Bank of New York, a creditor, pursuant to Section 39, sub. c of the Bankruptcy Act, as amended, 11 U.S.C.A. § 67, sub. c. The petitioner assigns as error the conclusion of the Referee in Bankruptcy that a certain chattel mortgage executed by the bankrupt was invalid. This conclusion was predicated solely on the determination that the affidavit of the mortgagee did not meet the requirements of the laws of New Jersey, R.S. 46:28–5, N. J.S.A. 46:28–5. We are constrained to agree with the Referee in Bankruptcy.

The pertinent provisions of the statute, supra, read as follows: "Every mortgage * * *, which shall not be accompanied by an immediate delivery and be followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, * * *, unless the mortgage, having annexed thereto an affidavit or affirmation, *made and subscribed by the holder of such mortgage, his agent or attorney,* stating the consideration of such mortgage and, as nearly as possible, the amount due and to become due thereon, be recorded" as provided by the act. (Emphasis by the Court.)

The affidavit of the mortgagee was executed by an "Assistant Cashier," who is described therein as "an officer of The National City Bank of New York, * * * associated with its Personal Credit Department." The affidavit contains no recital as to the nature or extent of the authority of the assistant cashier. It is

our opinion that the absence of such a recital is fatal and invalidates the mortgage as against the creditors.

The courts of this State have uniformly held that an affidavit executed by an executive officer of a corporation, e. g., president or vice president, in his official capacity, is "in legal contemplation the act of the corporation and not that of an agent or attorney." In re Gold, 3 Cir., 93 F.2d 676, 679; American Soda Fountain Co. v. Stolzenbach, 75 N.J.L. 721, 68 A. 1078, 16 L.R.A.,N.S., 703; Lessler v. Paterson Nat. Bank, 97 N.J.Eq. 396, 128 A. 800, affirmed 99 N.J.Eq. 428, 131 A. 923. The validity of the mortgage is not affected by the mere absence of a recital of his authority in the affidavit. Ibid. The courts have further held, however, that an affidavit executed by an administrative officer does not meet the requirements of the statute unless there is embodied therein a statement as to the nature and extent of his authority. In re Gold, supra; Pincus v. U. S. Dyeing & Cleaning Works, 99 N.J.Eq. 160, 133 A. 66; See also Emmerglick v. Philip Wolf, 2 Cir., 138 F.2d 661, 662. The chattel mortgages have been held invalid in such cases in the absence of a recital of authority in the affidavit. Ibid.

The Court of Errors and Appeals, in the case of Moore v. Preiss Trading Corporation, 120 N.J.Eq. 214, 184 A. 521, 522, held: "The relation of the affiant to the corporate mortgagee must appear in the affidavit, either in the body thereof or in the signature thereto in the case of an officer of the corporation (citation omitted), and when made by an agent or attorney the fact of agency must be verified in the affidavit."

The cases herein cited, together with others, are discussed by Chief Judge Biggs in the case of In re Gold, supra. It is therein stated, at pages 679 and 680 of 93 F.2d: "a corporation may act solely through its officers; * * * the corporate officers are empowered to act only by virtue of their respective special agencies in turn arising out of the nature of the office held by each. For example, an executive officer may bind a corporation by way of an ordinary contract, or by the representations of an affidavit made in the regular course of a corporation's business dealings. But an administrative officer, that is to say, one who performs mere ministerial or administrative functions, by his acts cannot so bind his corporation unless he is authorized specially to do so by the corporation. If an administrative officer be authorized to perform acts of an executive nature, *it is reasonable to require him to state his authority in that affidavit which he makes in an executive capacity* on behalf of the corporation. Thus the possibility of fraud is obviated as contemplated by the statute." (Emphasis by the Court.)

We are willing to concede that the cashier of a national bank is an executive officer, 12 U.S.C.A. § 24, but it does not follow, as the petitioner here argues, that an assistant cashier is also an executive officer. An assistant cashier, as the term denotes, is usually appointed to assist the cashier in the performance of his official duties, but he is not necessarily clothed with the same executive authority; he may be the agent of the cashier but his agency is limited by the express authority vested in him. The board of directors of a bank may vest executive authority in the assistant cashier, but where, as here, he executes an affidavit on behalf of the bank, a recital of his authority is essential to the sufficiency of the affidavit. The statute, as construed by the courts of this State, would seem to require such a recital.

The trustee, in support of his contention that the chattel mortgage is void against the creditors, here urges the other grounds heretofore urged before the Referee in Bankruptcy. The record discloses that the Referee in Bankruptcy concluded that these grounds were without merit. We agree with this conclusion.

The order of the Referee in Bankruptcy is affirmed for the reasons herein stated.